L 13

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

ARP NUMBER:  LSP - 2014 - **1543**

**R E C E I V E D**

JUL 2 4 2014

Legal Programs Department

RE:  ROBERT CLARK   611786

LOCATION:  _____J GTR'/L_____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST FOR REMEDY NUMBER LSP-2014-1543.

RECEIVED BY:  _____*Robert Clark*_____
                     (INMATE'S NAME & NUMBER)

DATE RECEIVED:  __7/23/14__

DELIVERED BY:  _Terrance Robet Sgt 129851_

===========================================================================

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the reciept and dates it.

3.    Give the Inmate the Manila Envelope and contents.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.

EXHIBIT A

CASE NUMBER:  LSP-2014-1543

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  <u>CLARK, ROBERT 611786</u>             <u>J GTR 1/L</u>
                                              Living Quarters

Response to request dated 05/27/2014, received in this office on 05/28/2014

In your letter of complaint dated May 25, 2014, while housed at Camp J, you state that Master Sergeant Barbin refused to document your self declared Hungerstrike.  Master Sergeant Jamie Barbin and Sergeant Cedric Ferguson both deny your allegations.  Captain Wayne Holliday stated that on May 26, 2014, he made rounds on your unit, you informed him that you had been on Hunger strike for three days.  Captain Wayne Holliday further stated that there was no record of you being on Hungerstrike and you were placed on your first day of hungerstrike.  Institutional records reflect that on May 28, 2014, you ended your hungerstrike by eating your breakfast meal.  Institutional records further reflect that supervisors and medical personnel made rounds on your unit, you could and should have brought this or any other complaints to their attention.  No evidence is found to support your allegations.

Your request for Administrative Remedy is denied.

Prepared by: _____
                    Troy Poret/AWII/lv

Approved by:_____
                  Joe Lamartiniere/AWIV/tdb

_____          _____
            Date                                      Unit Head

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓)  I am not satisfied with this response and wish to proceed to Step Two.

Reason:
   I maintain my claim of officers tort actions. I also did talk to Med. personel and was told that officers would refer me to them after 72 hours of hunger strike, and later that there was no record of such. Camera video footage would also reveal my claims as true that I was on hunger strike as of 5-22-14. Orderlies should be interviewed as well.

_____7-26-14_____          _Robert Clark 611786_
            Date                          Offender's Signature  DOC#

CASE NUMBER: LSP-2014-1543

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>CLARK, ROBERT 611786</u>                    <u>J GTR 1/L</u>
                                                                    Living Quarters

Response to request dated 05/27/2014, received in this office on 05/28/2014

In your letter of complaint dated May 25, 2014, while housed at Camp J, you state that Master Sergeant Barbin refused to document your self declared Hungerstrike. Master Sergeant Jamie Barbin and Sergeant Cedric Ferguson both deny your allegations. Captain Wayne Holliday stated that on May 26, 2014, he made rounds on your unit, you informed him that you had been on Hunger strike for three days. Captain Wayne Holliday further stated that there was no record of you being on Hungerstrike and you were placed on your first day of hungerstrike. Institutional records reflect that on May 28, 2014, you ended your hungerstrike by eating your breakfast meal. Institutional records further reflect that supervisors and medical personnel made rounds on your unit, you could and should have brought this or any other complaints to their attention. No evidence is found to support your allegations.

Your request for Administrative Remedy is denied.

Prepared by: _____
                    Troy Poret/AWII/lv

Approved by: _____
                    Joe Lamartiniere/AWIV/tdb

_____                    _____
                    Date                                                         Unit Head

<u>Instructions to Offender:</u> If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( ) I am not satisfied with this response and wish to proceed to Step Two.

Reason: _____
_____
_____
_____
_____

_____                    _____
                    Date                                          Offender's Signature    DOC#

# Louisiana State Penitentiary
## Angola Louisiana

## ARP STATEMENT

| ARP NUMBER: | 2014-1543 | | Date | 7-2-14 |
|---|---|---|---|---|
| Inmate's Name: | Robert Clark #611786 | | | |

In response to this ARP that Offender  Robert Clark #611786 filed, I Sgt. Jamie Barbin worked Gator 1&2
On the date in question when Captain Wayne Holliday made rounds and ask me if I knew anything about
Offender Robert Clark #611786 being on hunger strike. I Sgt. Barbin told Capt. Holliday that he never told me
Anything about being on hunger strike and there is nothing logged down. So offender was started on hunger
Strike on the date of May 26,2014.

| PRINT YOU NAME | Jamie Barbin, Sgt. | DATE | 7-2-14 |
|---|---|---|---|

_Sgt. Jamie Barbin_
SIGNATURE OF OFFICER

# Louisiana State Penitentiary
# Angola Louisiana

## ARP STATEMENT

| ARP NUMBER: | 2014-1543 | DATE: | 6/25/14 |
|---|---|---|---|
| **Inmate's Name:** | **Robert Clark #611786** | | |

In response to the above numbered ARP, I give the following statement:

At no was I Sgt. Ferguson notified by the above offender Robert Clark #611786 that he wanted to be placed on hunger strike.

| PRINT YOU NAME | *Cedric Ferg* | DATE | 6/25/14 |
|---|---|---|---|

*Cedric Ferguson*
SIGNATURE OF OFFICER

**Louisiana State Penitentiary**
**Angola Louisiana**

**ARP STATEMENT**

| ARP NUMBER: | 2014-1543 | | Date | **7-2-14** |
|---|---|---|---|---|

| Inmate's Name: | Robert Clark #611786 |
|---|---|

In response to this ARP that Offender  Robert Clark #611786 filed, I Captain Wayne Holliday made rounds
On the morning of May 26, 2014 and offender Robert Clark #611786 informed me that he had been on hunger
Strike for three (3) days. I Captain Holliday checked all logs and daily hunger strike log and found no record
Of offender Clark #611786 being on hunger strike. I Captain Holliday officially placed offender Clark #611786
On May 26, 2014. As his first day of hunger strike.

| PRINT YOU NAME | Wayne Holliday, Captain | DATE | 7-2-14 |
|---|---|---|---|

SIGNATURE OF OFFICER
**Wayne Holliday, Captain**

**LOUISIANA STATE PENITENTIARY**
**ANGOLA, LOUISIANA**

**ARP / PC STATEMENT**

| Offender Name: | Robert Clark #611786 | ARP # | **2014-1543** |
|---|---|---|---|
| Officer Name: | **L. Vines, Msgt.** | | |

| STATEMENT: |
|---|
| Captain Mark Laprairie is currently out on Family Medical Leave. |
| This is for your Information and further handling. |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |
| |

Employee Signature
Lisa Vines, Master Sergeant

Date 7/10/14

## DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
### CORRECTIONS SERVICES
### UNUSUAL OCCURRENCE REPORT
### (Category A, B, C Incidents)

**INSTITUTION: Louisiana State Penitentiary**

| Name:<br>Robert Clark | Number:<br>611786 | Dorm Or Cellblock:<br>Gator 1 Left cell # 7 | Date Of Incident:<br>5 / 26 /14 | Time Of Incident:<br>6:30 am |
|---|---|---|---|---|
| Location Of Incident:<br>Camp J  Gator 1 Left cell #7 | | Witnesses:<br>NONE | | |

### TYPE OF INCIDENT - CHECK APPROPRIATE BOXES

**Category A Incidents:**
- ☐ Escape
- ☐ Death by other than natural causes
  - ☐ Accident
  - ☐ Violence
  - ☐ Suicide
  - ☐ Suspicious
  - ☐ Unknown
  - ☐ Unnatural
  - ☐ Execution
- ☐ Assault resulting in life threatening Injury
  - ☐ Offender on Staff
  - ☐ Offender on Offender
  - ☐ With Weapon
  - ☐ Without Weapon
  - ☐ Staff Injured in Line of Duty
- ☐ Other
  - ☐ Significant Property Damage
  - ☐ Hostage Situation
  - ☐ Major Work Stoppage of Offenders
  - ☐ Employee Work Stoppage
  - ☐ Riot
  - ☐ Natural Disaster
  - ☐ Tact Team/Outside Assistance
  - ☐ Lockdown of all or part of facility
  - ☐ Hunger Strike of Entire Facility or Multiple Units
  - ☐ Large Scale Evacuation
  - ☐ Other - Determined by Unit Head

**Category B Incidents:**
- ☐ Escapee Apprehended
- ☐ Death Due to Natural Causes
  - ☐ Expected
  - ☐ Unexpected
- ☐ Gunshot - Shoot to disable (Class I)
- ☐ Assault with significant injury
  - ☐ Offender on Staff
  - ☐ Offender on Offender
  - ☐ With Weapon
  - ☐ Without Weapon
  - ☐ Attempted Suicide with Significant Injury
  - ☐ Self Mutilation with Significant Injury
- ☐ Hunger Strike – Individual
- ☐ Hunger Strike – Organized
- ☐ Use of Force w/Significant Injury
  - ☐ Lockdown of Limited Number of Offenders
- ☐ Significant Water/Power Outage
- ☐ Property Damage - Limited
- ☐ Evacuation – Limited
- ☐ Other – Employee Arrest
- ☐ Other - Determined by Warden

**Category C Incidents:**
- ☐ Agg. Sex Offense (Offender/Staff)*
- ☐ Agg. Sex Offense (Offender/Offender)*
- ☐ Staff/Civilian Sexual Misconduct*
- ☐ Gunshot - Warning Shot (Class II)
  - ☐ Self Defense - No Human Injury or Death
- ☐ Assault With No Significant Injury
  - ☐ Offender on Staff
  - ☐ Offender on Offender
  - ☐ With Weapon
  - ☐ Without Weapon
  - ☐ Throwing of Substances
- ☐ Use of Force
  - ☐ Immediate
  - ☐ Planned
  - ☐ Chemical Agents on Single Offender
  - ☐ Use of Taser
  - ☐ Cell Entry Team (Elec. Shield)
  - ☐ Less Lethal Weapons
  - ☐ Restraints Used (Restraint Chair, 4 Point, etc.)
  - ☐ Staff on Offender
- ☒ On Individual Hunger Strike

\* Copy to Investigations

### DESCRIPTION OF INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

On above date and time offender  Robert Clark #611786 declared himself on hunger strike by missing all three meals

on this date. Offender stated that he was on hunger strike because of false disciplinary report.

Major Sam Adams  was notified.

| Reporting Officer<br>WAYNE HOLLOWAY | Date completed<br>5-26-14 | Time completed |
|---|---|---|

Form C-05-001-W-1
15 July 2011

## DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
## UNUSUAL OCCURRENCE REPORT
### (Category A, B, C Incidents)

INSTITUTION: <u>Louisiana State Penitentiary</u>

| Name:<br>Robert Clark | Number:<br>611786 | Dorm Or Cellblock:<br>Gator 1 Left cell # 7 | Date Of Incident:<br>5 / 27 /14 | Time Of Incident:<br>3:30 pm |
|---|---|---|---|---|
| Location Of Incident:<br>Camp J  Gator 1 Left cell #7 | | Witnesses:<br>NONE | | |

### TYPE OF INCIDENT - CHECK APPROPRIATE BOXES

**Category A Incidents:**
- [ ] Escape
- [ ] Death by other than natural causes
  - [ ] Accident
  - [ ] Violence
  - [ ] Suicide
  - [ ] Suspicious
  - [ ] Unknown
  - [ ] Unnatural
  - [ ] Execution
- [ ] Assault resulting in life threatening Injury
  - [ ] Offender on Staff
  - [ ] Offender on Offender
  - [ ] With Weapon
  - [ ] Without Weapon
  - [ ] Staff Injured in Line of Duty
- [ ] Other
  - [ ] Significant Property Damage
  - [ ] Hostage Situation
  - [ ] Major Work Stoppage of Offenders
  - [ ] Employee Work Stoppage
  - [ ] Riot
  - [ ] Natural Disaster
  - [ ] Tact Team/Outside Assistance
  - [ ] Lockdown of all or part of facility
  - [ ] Hunger Strike of Entire Facility or Multiple Units
  - [ ] Large Scale Evacuation
  - [ ] Other - Determined by Unit Head

**Category B Incidents:**
- [ ] Escapee Apprehended
- [ ] Death Due to Natural Causes
  - [ ] Expected
  - [ ] Unexpected
- [ ] Gunshot - Shoot to disable (Class I)
- [ ] Assault with significant injury
  - [ ] Offender on Staff
  - [ ] Offender on Offender
  - [ ] With Weapon
  - [ ] Without Weapon
  - [ ] Attempted Suicide with Significant Injury
  - [ ] Self Mutilation with Significant Injury
- [ ] Hunger Strike – Individual
- [ ] Hunger Strike – Organized
- [ ] Use of Force w/Significant Injury
  - [ ] Lockdown of Limited Number of Offenders
- [ ] Significant Water/Power Outage
- [ ] Property Damage - Limited
- [ ] Evacuation – Limited
- [ ] Other – Employee Arrest
- [ ] Other - Determined by Warden

**Category C Incidents:**
- [ ] Agg. Sex Offense (Offender/Staff)*
- [ ] Agg. Sex Offense (Offender/Offender)*
- [ ] Staff/Civilian Sexual Misconduct*
- [ ] Gunshot - Warning Shot (Class II)
  - [ ] Self Defense - No Human Injury or Death
- [ ] Assault With No Significant Injury
  - [ ] Offender on Staff
  - [ ] Offender on Offender
  - [ ] With Weapon
  - [ ] Without Weapon
  - [ ] Throwing of Substances
- [ ] Use of Force
  - [ ] Immediate
  - [ ] Planned
  - [ ] Chemical Agents on Single Offender
  - [ ] Use of Taser
  - [ ] Cell Entry Team (Elec. Shield)
  - [ ] Less Lethal Weapons
  - [ ] Restraints Used (Restraint Chair, 4 Point, etc.)
  - [ ] Staff on Offender
- [x] On Individual Hunger Strike

\* Copy to Investigations

### DESCRIPTION OF INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

On above date and time offender  Robert Clark #611786 declared himself on hunger strike by missing all three meals

on this date making it his 2nd day. Offender stated that he was on hunger strike because of false disciplinary report.

Major Sam Adams  was notified.

| _Reporting Officer_ | _05-27-14_<br>Date completed | _3:56 pm_<br>Time completed |
|---|---|---|

Form C-05-001-W-1
15 July 2011

Case 3:19-cv-00512-BAJ-SDJ    Document 29-1    01/17/20    Page 10 of 141

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
UNUSUAL OCCURRENCE REPORT
(Category A, B, C Incidents)

**INSTITUTION:** Louisiana State Penitentiary

| Name: Robert Clark | Number: # 611786 | Dorm Or Cellblock: Camp-J Gar 1 Right | Date Of Incident: 5-28-14 | Time Of Incident: Approx. 7:00 am |
|---|---|---|---|---|
| Location Of Incident: Camp-J Gar 1 Right | | Witnesses: None | | |

## TYPE OF INCIDENT - CHECK APPROPRIATE BOXES

**Category A Incidents:**
- [ ] Escape
- [ ] Death by other than natural causes
  - [ ] Accident
  - [ ] Violence
  - [ ] Suicide
  - [ ] Suspicious
  - [ ] Unknown
  - [ ] Unnatural
  - [ ] Execution
- [ ] Assault resulting in life threatening Injury
  - [ ] Offender on Staff
  - [ ] Offender on Offender
  - [ ] With Weapon
  - [ ] Without Weapon
  - [ ] Staff Injured in Line of Duty
- [ ] Other
  - [ ] Significant Property Damage
  - [ ] Hostage Situation
  - [ ] Major Work Stoppage of Offenders
  - [ ] Employee Work Stoppage
  - [ ] Riot
  - [ ] Natural Disaster
  - [ ] Tact Team/Outside Assistance
  - [ ] Lockdown of all or part of facility
  - [ ] Hunger Strike of Entire Facility or Multiple Units
  - [ ] Large Scale Evacuation
  - [ ] Other - Determined by Unit Head

**Category B Incidents:**
- [ ] Escapee Apprehended
- [ ] Death Due to Natural Causes
  - [ ] Expected
  - [ ] Unexpected
- [ ] Gunshot - Shoot to disable (Class I)
- [ ] Assault with significant injury
  - [ ] Offender on Staff
  - [ ] Offender on Offender
  - [ ] With Weapon
  - [ ] Without Weapon
  - [ ] Attempted Suicide with Significant Injury
  - [ ] Self Mutilation with Significant Injury
- [ ] Hunger Strike – Individual
- [ ] Hunger Strike – Organized
- [ ] Use of Force w/Significant Injury
  - [ ] Lockdown of Limited Number of Offenders
- [ ] Significant Water/Power Outage
- [ ] Property Damage - Limited
- [ ] Evacuation – Limited
- [ ] Other – Employee Arrest
- [ ] Other - Determined by Warden

**Category C Incidents:**
- [ ] Agg. Sex Offense (Offender/Staff)*
- [ ] Agg. Sex Offense (Offender/Offender)*
- [ ] Staff/Civilian Sexual Misconduct*
- [ ] Gunshot - Warning Shot (Class II)
  - [ ] Self Defense - No Human Injury or Death
- [ ] Assault With No Significant Injury
  - [ ] Offender on Staff
  - [ ] Offender on Offender
  - [ ] With Weapon
  - [ ] Without Weapon
  - [ ] Throwing of Substances
- [ ] Use of Force
  - [ ] Immediate
  - [ ] Planned
  - [ ] Chemical Agents on Single Offender
  - [ ] Use of Taser
  - [ ] Cell Entry Team (Elec. Shield)
  - [ ] Less Lethal Weapons
  - [ ] Restraints Used (Restraint Chair, 4 Point, etc.)
  - [ ] Staff on Offender
- [x] Individual Hunger Strike
- [ ] Suicide Gesture

\* Copy to Investigations

## DESCRIPTION OF INCIDENT (ATTACH ADDITIONAL INFORMATION IF NEEDED)

On the above date and approximate time, I Captain Mark Laprairie observed offender Robert Clark # 611786 (Gator 1/Left) eat his breakfast meal thus ending his self imposed hunger strike. Col. Smith was notified of this incident.

_Capt. Mark_ 130452
_TB_
Captain Mark Laprairie

5-28-14
Date Completed

8:30 am
Time Completed

Louisiana State Penitentiary
R.. Barrow, Jr. Treatment Center
**Physician's Clinic**

6 6 4 6 - ☐

| | |
|---|---|
| **Name** **CLARK** , **ROBERT** | **Date:** 6/9/2014 |

**DOC** 611786

**Location** J GTR 1/L

**BP:** 106/84  **Temp** 98.5  **Pulse** 80  **Resp:** 16  **Height** 72  **Wt.:** 208
Redacted   /78                    35   year old B    **Male**

**Time:** 10⁵⁵/Am

**Allergies:** NKDA
**Reason for Vis** CLINIC A
**Chief Complaint** F/U TI

**O2 Saturation** ☐

**<Field Mis**

① Wants D/S to keep contacts + salt'n

② s/p ® 1ˢᵗ + 3ʳᵈ fingers — s/p surg repair — claims canne grip tools

℅ chr LBP 2° DDD x yrs → ∅ prolonged walk

(S/W for) JP

s/p/be

Ref done ⌐ ortho c/s — ® hand + LBP
eval for D/S restriction         L/S spine x ray

**Assessment:**

1.
2.
3.
4.

**Plan:**

1.
2.
3. PCC ⊥ mos
4. (S/W) for TM
5.

6-9-14
**Date**

**MD Signature**

64

OFFICER NAME: _____ SHIFT ___ C

DATE: 5/22/14                    OFFICER ENTRY

| TIME | |
|---|---|
| | Sgt. Davis making rounds on Unit all secure |
| | |
| | |
| 5:27 A.m. | Sgt. Jamie Barbin / Sgt. Robert Hayes  A-Team  Gator 112 unit  5-22-14   Thursday |
| | Relieved C-Team officers of all duties, equipment and information. Sgt. Jamie Barbin and Sgt. Robert Hayes have Read and understood Post orders for Gator 112 unit. Rec'd keys J53/J116 (21-3s), J54/J117 (11L), J56/J112 (3L), J57/J120 (21-15), (1) beeper #7, (1) transfrisker # 21170, (1) pair of shears and (1) logbook in good condition. Rec'd restraints: (7) waist chains, (7) shackles, (2) handcuffs, (7) red locks, (7) black boxes and (7) B1B chains. Rec'd (1) first aid kit locked with seal intact, (2) fire extinguishers fully charged with seals intact, MSDS sheets and Posted Policy on Gator 112 unit. All Enclosures inspected, locked and secured. |
| 5:31 A.m. | Conducted keywatch (Sgt. Davis) good |
| 5:35 A.m. | Reported count to Sallyport (Sgt. Villavir) Count: 1/12, 2/11, 2/11, 1/12. |
| 6:06 A.m. | Reported fog count to sally port (Sgt. Villavir) Count: 1/12, 2/11, 2/11, 1/12. |
| 6:12 A.m. | Made rounds, all secure. Temp: 72°, 72°, 72°, 72° |
| 6:29 A.m. | (3) orderlies enter unit with Ofcr. Louis. Rec'd (1) utensil and food temp 169° |
| 6:35 A.m. | Began feeding unit. |
| | Continued on page no. # 65. |

Continued on page no. # 65.

OFFICER NAME: ~~Sgt. Jamie Barbin~~ / sgt. Robert Hayes    SHIFT: A

DATE: 5-22-14   Thursday   Gold 1/2 unit

| TIME | OFFICER ENTRY |
|------|---------------|
| | Major Adams, Cpt Barr, Lt. Haygott made r)s |
| | All secure |
| 6:50 a.m. | Finish feeding unit 1 (3) aids unit w/ slow carts |
| 7:10 am | Pill call on unit |
| 0720 | A Off sick call |
| 7:25 | offender D. Lapell 258277 #21 notefied |
| | Cpt Barr |
| 7:43 a.m. | (3) orderlies enter unit |
| | Nurse Shot Delaney enter and exit unit |
| 8:04 a.m. | Made Rounds, all secure. Temp: 72°, 72°, 72°, 72° |
| 8:48 a.m. | Made Rounds, all secure. |
| 9:14 @ | Monteen Gs UC, library |
| 9:40 a.m. | Made Rounds, all secure. Temp 74°, 74°, 74°, 74° |
| 10:07 | Movent on unit |
| 10:09 a.m. | Reported count to Sallyport (sgt. Tolliver) |
| | count 1/2, 3/11, 2/11, 1/12. |
| 10:18 a.m. | Made Rounds, all secure. |
| 10:29 a.m. | (3) orderlies enter unit with slow carts |
| | Rec'd (3) utensils and food temp: 173° |
| 10:35 a.m. | Began feeding unit |
| 10:54 a.m. | Finish feeding unit |
| 11:14 a.m. | Made Rounds, all secure. Temp: 74°, 74°, 74°, 74° |
| 11:43 a.m. | Made Rounds, all secure. |
| 12:28 p.m. | Made Rounds, all secure. Temp: 75°, 75°, 75°, 75° |
| | Lt. Haygott unit Rounds Chemunge |
| | Sgt Hayes Rounds Kerr Edits |
| 1:40 p.m. | Made Rounds, all secure. |
| 2:24 p.m. | Made rounds, all secure. Temp: 75°, 75°, 75°, 75° |
| 2:55 pm | 3rd pill call on unit |
| | Lt. Montendone enter and exit unit escorting |
| | offender David Lapell # 258277 to sdw seg or #21 |
| | offender Lapell off 211 count. |
| 3:42 p.m. | Made Rounds, all secure. |
| 4:01 p.m. | (3) orderlies enter unit with slow carts |
| | Continue on page # 66. |

66

OFFICER NAME: _Sgt. James Barber / Sgt. Robert Hayes_     SHIFT _A_

DATE: _5-22-14_     Thursday    State 112 units

| TIME | OFFICER ENTRY |
|------|---------------|
| | Rec'd (2) utensils and food temp: 157° |
| 4:08 p.m. | Began feeding unit. |
| 4:21 p.m. | Finish feeding unit. |
| 4:25 p.m. | Made rounds, all secure. Temp: 77°, 77°, 77°, 77° |
| 5:34 p.m. | Relieved by C-Team officers of all duties, equipment and information. |
| | Sgt. James Barber / Sgt. Robert Hayes |

OFFICER NAME: _J Cain_     A Left   SHIFT _Camp J/C_

DATE: _5/22/14_     Thursday

| TIME | OFFICER ENTRY |
|------|---------------|
| 5:33p | Made rnd of A - Team with counted 1/10, 3/11, 3/10, 2/10 w/ temps 60, 83, 65, 65. Wirewalked both offices of all stations is the following equipt 1 logbook, Post Orders, Posted Policy, a fully charged fire ext x/ seals, the book, 1st aid kit #86860, 1 pair of shears, 1 gripit, #7, 1st aid kit #0110, 4 tines (checks) keys in + keys 0116, #13, 0117, 11, 0236, #0, 57/ E 24 doors, 3 pipe chase locked, Post Orders, 2 padlocks, 7 keys, Tr/w, 7 shackles, 1 b/w, 8 h/w, 7 y/w checked (Good) E/ Blkman offgoing Body ... smith, (dead), Post Orders read and understood, J Cain |
| 6:03p | Made rnd and counted. All secure |
| 6:33p | Made rnd. All secure |
|  | Capt Webb made rounds on station 1/2 until checked the ... all secure |
| 7:33p | Rnd 81, 80, 80, 80, A5, |
| 8:03p | Made rnd, 1/10, 3/11, 6/10, 5/10, A5, |
| 8:33p | Made rnd, A5, |
| 9:03p | Made rnd 5/ of tnds, A5, |
| 9:33p | Made rnd, 80, 80, 81, 80, A5, |
| 10:03p | Made rnd, A5, |
|  | Lt ... making rounds on Unit all secure |
| 11:03p | Made rnd, 1/10, 3/11, 6/10, 5/10, A5, |
| 11:33p | Made rnd, 79, 80, 80, 79, A5, |
| 12:03a | Made rnd, All secure |
| 12:33a | Made rnd, A5, |
| 1:03a | Made rnd, A5, 1/10, 3/11, 6/10, 5/10, A5, |
|  | Maj Williams + Capt Bordelon on unit make rounds on all tiers + check chemical agents 83, 79, 78, 79, 79, |
| 1:34a | Made rnd, A5, |
| 2:13a | 5/0 + mit, J Bodl, |
| 2:34a | Rnd A5, |
| 2:54a | Rnd A5, |
| 3:24a | Rnd 79, 77, 78, 79, A5, |
| 3:54a | Rnd A5, |
|  | (Next Page) |

68

OFFICER NAME: _J Cozom    A Lott_    SHIFT _C_

DATE: _5/23/14_    1/12, 2/11, 2/10, 1/12

| TIME | OFFICER ENTRY |
|------|---------------|
| | Lt. Davis making rounds all secured |
| 456 Anod? R.O. | |
| 5:04? Deputy? B-Team, J/Kav? | |
| 5/23/14 | Sgt C Ferg— Cdt J. Taplin |
| 530pm | Relieved D-TEAM officers of all duties & equipment (1) beeper (1) transfisher (1) pair of shears (1) first aid kit / locked & sealed (2) fire ext fully charged (2) sets of clock keys (2) sets of unit keys (J-116) (12) large (3) small, (J-117) (11) large ø small yard pen keys (J-119) (3) large ø small, Boiler room keys (J-120) (2) large (1) small, All restraints are accounted for, locked & secure in restraint cabinet. Post orders & posted patrones, read & understood by both officers on duty. |
| 5:40 pm | Called count in with S/P 1/12 2/11 2/10 1/12 good |
| 5:45 pm | Beeper check good |
| 610 pm | Chow cart on unit (3) pass orderlies shakedown ø found (6) kitchen utensils |
| 6:12 | 1st pill call on unit                    J.Lott |
| 0720 pm | MADE rounds ALS attender M. Shipley on unit Shakedown ø found |
| 7:55 pm | made rounds ALS, OJT Cadet Matte on unit |
| 8:35 Am | made rounds S/P |
| 9:11 AM | Randall Auguste, C/A/S |
| 10:00 AM | made rounds ALS |
| | Count called in with S/P 1/12 2/11 2/10 1/12 1 pass |
| | All ppl chairs & cells locked & secure |

69

OFFICER NAME: Sgt C. Ferguson Cdt J. Taplin   SHIFT: B-Team

DATE: 05/23/14   1/12  2/11  3/10  1/12

| TIME | OFFICER ENTRY |
|------|---------------|
| | AW Porct Col Smith |
| | Mrs Butler Lt Col Whitaker Capt Lapine |
| 11:05 Am | made rounds ALS |
| | Chow cart on unit (3) bags orderlies stockdown |
| | O fund (2) kitchen utensils |
| 11:55 Am | made rounds ALS |
| 12:30 pm | Capt Lapraire Made Rounds all |
| 12:36 | Smon on unit |
| 1:20 p.m | made rounds gls |
| 2:05 pm | made rounds gls |
| 2:50 pm | made rounds ALS |
| 3:00 pm | Called count in unit SIP 1/12 2/11 3/10 1/12 good |
| 3:20 pm | Chow cart on unit (3) bags orderlies stockdown |
| | O fund (6) kitchen utensils |
| 3:45 | 3d pittall on unit |
| 4:10 pm | made rounds ALS |
| 5:00 pm | made rounds ALS |
| 5:15 pm | waiting to be relieved by D-Team |
| | observes it all duties & equipment |
| | Sgt C. Fox |
| 5-23-14 | Ms gt R. Laurent Sgt Elbert Klator 1 and 2 D:Team |
| 5:31 pm | Whole Rounds Counted 1/12 2/11 3/10 1/12 TOTAL |
| | Total (5) offenders Relived of D Beyer D pair |
| | theirs log and belt book, Understood posted orders |
| | and posted previes prkgs sheets (2) fully charged fire |
| | Ex inget and sealed w/chains Blocked unit #id |
| | B:A D franfuski 0 21170 (2) sets of time clock Keys |
| | J-116 12 lg 3 sm Key J-117 11 lg 0 sm, J-119 3 lg 0 sm |
| | J-120 2 lg 0 sm |
| 5:53 pm | Beyer signed w/the E Bld, |
| 6:00 pm | Made Rounds all blocked and secure |
| 6:29 p | Made Rounds all group and locked |

70

OFFICER NAME: MSgt R Laurent/Sgt/Elbert  SHIFT D

DATE: 5-23-14

Gator 1 and 2   1/12 2/11 2/10

| TIME | OFFICER ENTRY |
|------|---------------|
| 700 | Made Rounds check back doors can't gain |
| 700 | Made Rounds Counted 1/12 2/11 2/10 1/12 |
| 705 | Offender B.White off of Unit to 1 Arm 1 and 2 |
| | 1,3,5 Tyson fed by Prpft Complliant gave back door good |
| 730 | Made Rounds all secure and locked |
| 800 | Made Rounds Count 1/12 2/11 2/10 1/11 good Sallyport |
| 830 | Made Rounds all 4 tiers all secure |
| 900 | Made Rounds counted 1/12 2/11 2/10 1/11 good Sallyport |
| 1000 | Made Rounds Counted 1/12 2/11 2/10 1/11 good Sallyport |
| 1030 | Made Rounds all secure and locked |
| 11:00 | Made Rounds all secure and lock Count good 1/12 2/11 2/10 1/11 |
| | with Sallyport Shown orderly on Units |
| 1125 | Shown orderly off of Unit to Bass gate was Escorted Mdfcier |
| 1130 | Made Rounds all secure |
| 1200 | Made Rounds Count 1/12 2/11 2/10 1/11 good Sallyport |
| 1203 | Offender B.White off of Count by Sallyport |
| 1230 | Made Rounds All secure and locked |
| 700 | Made Rounds Counted 1/12 2/11 2/10 1/11 good Sallyport |
| 230 | Made Rounds all secure and locked |
| 200 | Made Rounds Count 1/12 2/11 2/10 1/11 good with Sallyport |
| | Nothing security kept secure |
| 230 | Made Rounds all locked and secure |
| 301 | Made Rounds Counted 1/12 2/11 2/10 1/11 good Sallyport |
| 330 | Made Rounds all secure and locked |
| 400 | Made Rounds 1/12 2/11 2/10 1/11 good Sallyport |
| 430 | Made Rounds all secure and locked |
| 500 | Made Rounds all locked and secure |
| 530 | Made Rounds Relief of all duties and Equipmts |
| | MSgt Laurent Sgt Elbert |

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2014 -1543

TO: <u>ROBERT CLARK 611786</u>                    <u>J GTR 1/L</u>
      Offender's Name and Number            Living Quarters

                    <u>5/22/2014</u>
                 Date of Incident

X                    ACCEPTED:  This request comes to you from the Wardens Office.  A response will be issued within 40 days of this date.

                    REJECTED:  Your request has been  rejected for the following reason(s):

<u>       06/11/2014       </u>              <u>     Trish Foster     </u>
           Date                          Warden's Signature or Designee

RECEIVED

MAY 28 2014

LEGAL PROGRAMS DEPARTMENT

*This is a request for Administrative Remedy.*

# ADMINISTRATIVE REMEDY PROCEDURE

2014-1343
0116
J

Name: Robert Clark     #611786

Housing: Camp J - Gator 1 Left - Cell 7

Date: 5 / 26 / 14                    ARP#_____

## ISSUE(S)

On May 22, 2014, I announced to M. Sgt. Barbin that I was on hunger strike at breakfast that Thursday morning. He told me he notified rank. I remained on Hunger Strike and I have not came off. Friday through Sunday at each meal I notified Sgt. Ferguson, of my refusal to eat and he took my tray or told orderlies to take it. On Sat. May 23, 2014 I spoke with Cpt. Lamprairie pertaining to why I am on hunger strike. And on Monday morning I spoke with Cpt. Holiday notifying him I had not seen any medical personell though today was my fith day on hunger strike.

After again speaking with M. Sgt Barbin as to why I had not been moved or spoke with Medical he notified me that there is no documentation to his knowledge of me being on hunger strike. He told me "they" told him not to (speaking of rank) and that "they" are spos'l to do it some where else but he did notify rank (Thurs.) May 22, 2014 and again this morning May 26, 2014 (Mon.).

M. Sgt. Barbin said since there is no log this may be treated like my first day. Subsequently, I'm filing an ARP.

## RELIEF DESIRED

I request an investigation be conducted i.e. review camera, interview

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

ARP NUMBER:  LSP - 2014 - **2660**


RE:  ROBERT CLARK      611786

LOCATION: _J Gtr 4/L (10)_____


I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST
FOR REMEDY NUMBER LSP-2014-2660.

RECEIVED BY:  _Robert Clark_____

(INMATE'S NAME & NUMBER)

DATE RECEIVED:  _10/1/14_____

DELIVERED BY:  _Lt Roy J. Farrett #113263_____

===============================================================================

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the reciept and dates it.

3.    Give the Inmate the Manila Envelope and contents.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.



**RECEIVED**

OCT 0 2 2014

LEGAL PROGRAMS DEPARTMENT

CASE NUMBER: LSP-2014-2660

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>CLARK, ROBERT 611786</u>                    <u>J GTR 4/L</u>
                                                   Living Quarters

Response to request dated 08/27/2014, received in this office on 08/28/2014

This is in response to your ARP 2014-2660. after careful review of the pertinent volumes of your current medical record, I find the following: On 2/17/2014, you refused your Initial exam. You were placed on a 2 year recall.

On 9/3/2014, you made sick call and you were scheduled to see Dr. Hill at Camp J Dental Clinic. First available slot.

On 9/8/2014, you made another sick call. He were already scheduled for the following day.

On 9/9/2014, you were seen and medicated with Cephalexin, 500mg, QID, for pain and Ibuprofen, 600mg, for pain. You were scheduled for extraction of tooth #31.

On 9/16/2014, you had tooth #31 extracted.

You have failed to provide evidence to substantiate your allegation of deliberate indifference or that your care has not met acceptable standards of care.
The members of the LSP Dental Staff have responded to your situation however, your refusal may have prevented you from maximizing the benefits of treatment offered to you. Disagreeing with a Physician's treatment, judgement or diagnosis is insufficient to state an Eighth Amendment claim of deliberate indifference. You were hindered by your own noncompliance.

Your request to be seen immediately by the Dental Staff is denied. Your sick calls have been reviewed by the Dental Staff and changes were made as medically indicated.
Your request for an investigation has been granted through preparation of this response.
As you have failed to prove any wrongdoing on the part of the LSP Dental Staff, your request for remedy is denied.

You have and will continue to receive adequate, professional health care services based on your level of need and in accordance with guidelines set by LSP.

Your request for remedy is denied.

Prepared by: _____
               for Stephanie Lamartiniere
               Assistant Warden Health Services

_____                    _____
          Date                                      JOSEPH F.G. LAMARTINIERE
                                                    ASSISTANT WARDEN
                                                    Unit Head

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( )  I am not satisfied with this response and wish to proceed to Step Two.

Reason:

_____

_____

_____

_____

_____          _____
                Date                                         Offender's Signature    DOC#

**LOUISIANA STATE PENITENTIARY**
**R. E. BARROW, JR. TREATMENT CENTER**

**DENTAL PROGRESS NOTES**

NAME: _Robert Clark_      LOCATION: _J_

DOC#: _611786_      WORK ASSIGNMENT: _____

| DATE | TOOTH NUMBER | CAVITY LOCATION | OPERATION OR TREATMENT* |
|------|--------------|-----------------|-------------------------|
| 9/16/14 | | | A.R.P. - Recieved → C.R. |
| | | | —d/m treated prior to A.R.P received in |
| | | | dental clinic. |
| | | | —Request d/m be "written-up" for filing |
| | | | a frevolous A.R.P |
| | | | Dr C 180 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

*Notes should be signed by dentist and/or technician.

LSP-TCDEN 02   Rev. 10/97

## LOUISIANA STATE PENITENTIARY
## R. E. BARROW, JR. TREATMENT CENTER

### DENTAL PROGRESS NOTES

NAME: Robert Clark          LOCATION: _____

DOC#: 011706          WORK ASSIGNMENT: _____

| DATE | TOOTH NUMBER | CAVITY LOCATION | OPERATION OR TREATMENT* |
|------|--------------|-----------------|-------------------------|
| 2/17/14 | | | I/m refused treatment |
| | | | RTC - Dr C - R. Exam - 2 yrs.   Dr C/w |
| 9/3/14 | | | S.C. → C.R. → RTC - Dr Hill - 1st available |
| | | | Dr C/m |
| 9/8/14 | | | S.C. → again → C.R. again - Keep Scheduled Appt. |
| | | | "following Refusal"          Dr C/m |
| | | | |
| 9.9.14 | | | OBS s/c |
| | | | Past. ∅ |
| | | | Meds. ∅ |
| | | | NKDA |
| | | | Toothache L ℞ |
| | | | PA # 31. |
| | | | Keflex 500mg qid x 150 tabs. |
| | | | Ibu 600mg tid x 150 tabs. |
| | | | RTC Twk ext 31. |
| | | | /Am |
| 9.16.14 | 31 | BFT | 72mg Ardocaine 9mg Narcaine |
| | | | Extraction 31 |
| | | | RTC eprn Pool           /Am |

*Notes should be signed by dentist and/or technician.

LSP-TCDEN 02   Rev. 10/97

LOUISIANA STATE PENITENTIARY
R. E. BARROW, JR., TREATMENT CENTER

**CONSENT FOR ORAL SURGERY PROCEDURES AND ANESTHESIA**
**ACKNOWLEDGMENT OF RECEIPT OF INFORMATION**

**PLEASE READ THE FORM CAREFULLY.** State law requires us to obtain your consent to your contemplated surgery or dental procedure. What you are being asked to sign is confirmation that we have discussed the nature and purpose of your contemplated operation or dental procedure and the risks associated with; and that we have answered all of your questions in a satisfactory manner. Ask about anything you do not understand. We will be pleased to explain.

1. I hereby authorize _____ Dr. Hill _____ with associates or

assistants of his choice to perform upon Robert Clark _____ 601786

                                               Name                         DOC#

the following surgical diagnostic or medical procedure _____ EXT #31

including any necessary or advisable anesthesia, to include local anesthesia, I further advise the doctors to perform any other procedure that in their judgment is advisable for my well being. This operation has been explained to me. Alternate methods of treatment, if any, have also been explained to me, as have the advantages and disadvantages of each. I am advised that though good results are expected, the possibility and nature of complications cannot be accurately anticipated and that, therefore, there can be no guarantee as expressed or implied either as to the results of the medical procedure or as to cure.

2. In general terms, the nature and purpose of this operation or medical procedure is: _____ EXT. one tooth _____

3. Some risks (but not all) known to be associated with this procedure, including anesthesia are:

Death
Brain Damage
Quadriplegia
Paraplegia
Loss of Organ(s)
Loss of Function of an Organ
Loss of Function of an Arm(s) or Leg(s)
Disfiguring Scars
Phlebitis (infection or inflammation of blood
      vessel, i.e. vein)
Temporary, partial or permanent numbness
      of lips, tongue, chin, face, teeth
Loss of Taste
Swallowing of Foreign Objects
Aspiration of Foreign Objects

Infection
Instrument Breakage
Retained Instrument Fragment(s)
Damage to Adjacent Teeth
Fracture or Breakage of Jaw
Sinus Involvement
TMJ Disfunction or worsening of TMJ condition
Trismus (Jaw pain or difficulty opening mouth)
Further surgery or treatment
Pain
Bleeding
Face Swelling
Injury to nerves of the face
Drug/Allergic Reaction
Dry Socket

(OVER)

LSP-TCDEN 01   Rev. 10/97

I have been informed of the probability of occurrence of each of the foregoing risks as the result of, or in connection with, the surgical or medical procedure contemplated herein.

I hereby authorize and direct the above named dentist with associates or assistants, to provide such additional services as they may deem reasonable and necessary including, but not limited to, the administration of any anesthetic agent, or services of the x-ray department or laboratories, and hereby consent thereto.

I understand I should immediately notify the dentist of any suspected complication(s) that may arise, where further treatment or alternative treatment(s) may be discussed.

I hereby state that I have read and understand the consent, all questions about the procedure or procedures have been answered in a satisfactory manner, and that all blanks were filled in prior to my signature.  This consent form is valid until revoked by me in writing.

Signature of Patient: _____ 611786 _____          Date: 9-16-14 _____

Signature of Relative: _____
(Where Required)

Signature of Representative: _____
(Where Required)

Witness: _____

I certify that all blanks in this form were filled in prior to signature and I explained them to the patient or his representative before requesting patient or his representative sign it.

_____
(Signature of the above named doctor)

Form HC-01-A
14 September 2009

042898

**Health Care Request Form**    Institution _LSP_

Name: _Robert Clark_    DOC #: _611786_    Age: _36_    Housing: _J Gtr 4/L10_    Job Assignment: _nA_

---

**OFFENDER COMPLETE THIS SECTION ONLY -- COMPLAINT AND/OR REQUEST:**

Request to immediately see dental. My tooth hurts bad!

---

**Healthcare Personnel Screening:** Date: _09·07·14_ Time: _0710_ Location Seen _Gator_

(Circle One):    Emergency / (Routine Sick Call) / Work Related    Allergies: _NKda_

B/P _____    Pulse _____    Resp _____    Temp _____    Other _____

**Assessment/Comment:** C/o ®rear lower molar pain.

Pt has severe feeling to tooth, but tooth appears to be broken around feeling & swelling & redness & bleeding noted to gums. & facial swelling noted & other c/c voiced

Wellbutrin

---

**Disposition:**

+ otc
+ dental

**New Medications Ordered:**

Ibuprofen -Rx to pharmacy ☑

Total #: 1

Screener's Signature: _____

**Health Care Practitioner Notes:**

Billy Connors, DDS, MS
9/9/14
9/8/14

HCP's Signature: _____ Date: _____

---

☐ No Fees  ☐ $3 Access Fee  ☐ $6.00 Access Fee  ☑ $2 for Each Prescription Fee: $ _2_ Total: $ _5_

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for routine request for health care services, $6.00 for emergency request and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation. I am aware that if I declare myself a medical emergency and the health care staff finds that and emergency does not exist, I may be given a disciplinary report for malingering.

Offender Signature: _Robert Clark_    DOC #: _611786_    Date: _9/7/14_    Witness Signature: _____

Original - Offender's Medical Record    Yellow - Business Office    Pink - Offender's Copy

Form HC-01-A
14 September 2009

**Health Care Request Form**

042899

Institution _2 SP_

Name _Robert Clark_    DOC # _611786_    Age _36_    Housing _J-Gtr 4/L 10_    Job Assignment _N A_

| OFFENDER COMPLETE THIS SECTION ONLY -- COMPLAINT AND/OR REQUEST: |
|---|

I have a tooth that needs to be pulled. It hurts constantly. and I need dentures. ~~cold~~

**Healthcare Personnel Screening:** Date: _9-3-14_    Time: _0630_    Location Seen: _Camp Center_

(Circle One):  Emergency / (Routine Sick Call) / Work Related    Allergies: _NKA_

B/P _122/68_    Pulse _64_    Resp _16_    Temp _—_    Other _—_

**Assessment/Comment:** Pt c/o toothache ® ↓ molar & request ↓ extraction & dentures. obvious decayed ® ↓ molar. Remaining exam ↓ grossly unremarkable. Refer to Dental. _MSgt/SVG_

_Meds: Bupropion_

**Disposition:**

Dental Review

**New Medications Ordered:**

_____

_____

_____

Total #: Ø

Screener's Signature: _MSgt/SVG_

**Health Care Practitioner Notes:**

Billy Cannon DDS, MS 9/3/14

9/3/14

HCP's Signature: _____    Date: _____

☒ No Fees  ☐ $3 Access Fee  ☐ $6.00 Access Fee  ☐ $2 for Each Prescription Fee: $ _____  Total: $ _____

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for routine request for health care services, $6.00 for emergency request and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation.  I am aware that if I declare myself a medical emergency and the health care staff finds that and emergency does not exist, I may be given a disciplinary report for malingering.

_Robert Clark_    _611786_    _9/3/14_    _SVG_
Offender Signature    DOC #    Date    Witness Signature

Original - Offender's Medical Record    Yellow - Business Office    Pink - Offender's Copy

DATE: _2-17-14_

## REFUSAL TO ACCEPT MEDICAL CARE

This refusal of medical attention is made voluntarily and after full explanation of the medical attention recommended and the consequences of refusing it. I have read this statement and understand the nature of its contents.

I release the Department of Public Safety and Corrections from any liability for any harm which may result from this refusal of treatment.

_____
Signature of Inmate

_____
Witness

_____
Witness

I, _Robert Clark_ # _611786_ , hereby refuse the following described medical attention:

_didn't immediately need dental attention_

_____
Attending Prescriber

Distribution:

Medical Record

Revised 8/1/02

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2014 -2660

TO:  <u>ROBERT CLARK 611786</u>                    <u>J GTR 4/L</u>
      Offender's Name and Number                    Living Quarters


                <u>7/23/2014</u>
               Date of Incident


X                    ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                     issued within 40 days of this date.

                    REJECTED:  Your request has been  rejected for the following reason(s):



_____<u>09/12/2014</u>_____                    _____Trish Foster_____
           Date                                        Warden's Signature or Designee

*EMERGENCY*

2014-2460 0101
med

A.R.P. (Administrative Remedy Procedure)

Robert Clark  #611786   **RECEIVED**

Camp J - Gtr 1/2 13          **AUG 28 2014**

Date: 8-26-14                        **RECEIVED**
                    Legal Programs Department
        *Issue*                         AUG 28 2014

                                    WARDEN'S OFFICE

    On 7/23/14 I submitted a sick call
request form (No. 042300) complaining of a tooth
that hurts bad and needs to be pulled, and
dentures. I was never seen by the dental
dept. The tooth now is hurting in an unbearable
manner.

    On several occasions I have spoke with
medical personel about this only to be told I'd
be seen. But I can't continue to wait. I am
literally hurting bad. No exageration.

       RELIEF SOUGHT
1) To be immedeately be seen by the dental dept
    and have tooth fixed.
2) To have this matter investigated and appropriate
    actions taken to ensure that an issue such as
    ~~de.closed~~ this (i.e. medical personell being deliberately
    indifferent to an inmate complaints of imminent pain)
    doesn't transpire again.

          Signed
          x Robert Clark

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

ARP NUMBER: LSP - 2015 - 3595

RE: ROBERT CLARK    611786

LOCATION: _____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST FOR REMEDY NUMBER (SP -2015-3595.

RECEIVED BY: _Robert Clark 611786 May 23, 2016_
                        (INMATE'S NAME & NUMBER)

DATE RECEIVED: _____

DELIVERED BY: _____

==========================================================================

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the reciept and dates it.

3.    Give the Inmate the Manila Envelope and contents.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.

**RECEIVED**

MAY 31 2016

LEGAL PROGRAMS DEPARTMENT

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2015 -3595

TO:  <u>ROBERT CLARK 611786</u>              <u>C TIG 1/L</u>
       Offender's Name and Number              Living Quarters


                        <u>12/24/15</u>
                    Date of Incident


X              ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
               issued within 40 days of this date.

               REJECTED:  Your request has been  rejected for the following reason(s):



_____<u>01/11/2016</u>_____              _____<u>Trish Foster</u>_____
           Date                              Warden's Signature or Designee

2015-3595    0902
Legal

RECEI

DEC 23 2

REQUEST FOR ADMINISTRATIVE REMEDY PROCEDURE WARDEN'S O

INSTITUTION: LSP

TO: WARDEN                           DATE: 12/24/15

FROM: ROBERT CLARK #611786          HOUSING: Camp C - Tiger 4 8

RE: Request for Administrative Remedy to a situation
arising from "illegal" policies : Offender Posted
Policies #007 and #030 which denies offenders
visits for particular rule violations

R E C E I V E D

Dear Warden :

    1. This is a first Step Request for Administrative
Relief (R.A.R.) concerning illegal Offender Posted Policies (O.P.P.)
#007 Drug and Alcohol Testing pages #4 - #5, §9.
Sanctions (d); and O.P.P. #030 § Q. Restricted Non-
Contact Visits which denies offenders visits and/or
restricts offenders visits without legal authority.

    2. Specifically, Louisiana Rev. Statue Title 15 Chapters
seven and eight expresses the legislatures intent pertaining
the authority behind those who may authorize or make
conditions pertaining to offender visits. La. R. S. 15:833
(A) states in pertinent part " The Secretary of the Department
of Public Safety and Corrections may authorize visits and
correspondence under reasonable conditions between inmates
and approved friends, relatives, and other persons..."

                    P1 of 5

3. Also, "La. R. S. 15:829 Discipline of Inmates" states in pertinent part, "The director of corrections shall perscribe rules and regulations for the maintenance of good order and discipline in the facilities and institutions under the ~~jails~~ jurisdiction of the department, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. Corporal punishment is prohibited.

4. "The director shall maintain a record of charges of infractions of the rules and regulations by inmates and any punishments imposed therefor, and of any medical examinations of inmates."

5. In accordance to La. R.S. 15:833 (A) the Secretary of the Department of Public Safety and Corrections (hereafter: Secretary) authorized Department Regulations No. C-02-008 Field Operation Security Offender Visitation. ~~___~~

6. In accordance to La. R.S. 15:829 the Director of Corrections (hereafter: Director) authorized B-05-001 Disciplinary Rules and Proceedures for Adult Offenders.

7. Offender Posted Policies #007 and #030 are not authorized by the Secretary or the Director or the legislature They are therefore unlawful adendums and/or supplements which upsurp the authority of the Constitution of ~~_____~~

09 of 5

the State of Louisiana of 1974 Article 1. §§§ 1. Origin and Purpose of Government; 2. Due Process of Law; and 24. Unenumerated Rights whereas the arbitrary and capricious implementation of rules and regulations by prison officials dissassimilates the authority of the people of Louisiana whom granted power to the legislature whom in turn granted power and authority to the Secretary and Director.

8. I challenge the legality of OPP #007 and #030. These policies are not in accordance to La.R.S. §§ 15:829 and 833(A). Neither the Secretary or the Director has approved OPP #007 and #030.

9. With the implementation of Department Regulations No. C-02-008 and B-05-001 visitation became a State created "right" and no longer a privalege.

10. Prison officials do not have the authority to arbitrarily and capriciously ~~place addi~~ create and implement additional rules, regulations, and stipulations unauthorized by the Secretary or the Director.

11. The OPP #007 and #030 which invent a Restricted Non-Contact Visit or Non Contact Visit as a result of a violation of particular rules is unpresidented, not legally authorized or implemented, and even if they are based upon a penological intrest, prison official are obligated

P.3 of 5

to adhere to legal formats and formallities which has not been accomplished pertaining OPP #007 and #030. The policies are therefor unlawful.

## REQUESTED RELIEF

1. I request the illegal Offender Posted Policy #007 be recinded;

2. I request the illegal Offender Posted Policy #030 be recinded;

3. I request for my visitation rights to be restored.

4. I request that any unlawful actions taken as a direct result of these illegal policies be reversed;

5. I request that "Restricted" Non Contact visits be recinded;

6. I request that restrictions to my visitation rights be limited to those outlined in Department Regulations No C-02-008 and B-05-001 Disciplinary Rules and Procedures for Adult Offenders.

7. I request that all personell whom authorized the grieved illegal policies be reduced in rank for violating my ~~XXXXXXXXX~~, Common Law rights and State Constitutional rights

8. I request for mental anguish compensation

D. 4 of 5

for depriving me the right to visit friends, family, and other persons be assessed at $5,000.00-

Sincerely

x Robert Clark #611786

Robert Clark #611786
Camp C - Tiger 1/2 8
L S P
Angola, LA 70712

P. 5 of 5

CASE NUMBER:  LSP-2015-3595

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  <u>CLARK, ROBERT 611786</u>

Living Quarters

Response to request dated , received in this office on 12/28/2015

You claim that Posted Policies #007 and  #030 are unconstitutional.  Posted Policies #007 and  #030 are supported by Dept. Reg C-02-007 and C-02-008, Offender Visitation which was properly promulgated Sept 2015, in the Louisiana Register.  The Department understands the importance of visitation in the maintenance of an offender's family ties; visitation is an integral component of institutional management. The Department recognizes that the majority of offenders will be released into the community and that the offender's eventual reintegration will be more effective if a visitation program permits the maintenance of social relationships. Visiting can improve public safety and encourage offender accountability. Authorized visitation is permitted by the Department to facilitate an offender's institutional adjustment in accordance with the Department's goals and mission. The visiting process shall be conducted in an atmosphere that is conducive for the safe, secure and orderly management and operation of the institution. Thus, the visiting process will not overly tax the institution's resources or its ability to maintain adequate control and supervision. In this matter, as in all others affecting institutional operations, safety and security are primary considerations. Any restrictions placed on visiting privileges pursuant to this regulation are rationally related to legitimate penological interests.  Offender posted policies are established to help provide structure and organization for the prisons, and a framework within which the offender population can expect the disciplinary system to function.  These rules, regulations, and procedures may only be changed by the Secretary of the Department of Public Safety and Corrections.

You have failed to provide sufficient information to substantiate your claim. Therefore, your request for Administrative Remedy is denied at this level.

Prepared by: _____

Nyesha R. Kelly/Adm. Prog. Spec./Legal Programs

_____      _____
              Date                                        Unit Head

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(  )  I am not satisfied with this response and wish to proceed to Step Two.

Reason:

_____
_____
_____
_____

_____          _____
              Date                              Offender's Signature    DOC#

CASE NUMBER:  LSP-2015-3595

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>CLARK, ROBERT 611786</u>

Living Quarters

Response to request dated , received in this office on 12/28/2015

You claim that Posted Policies #007 and  #030 are unconstitutional.  Posted Policies #007 and  #030 are supported by Dept. Reg C-02-007 and C-02-008, Offender Visitation which was properly promulgated Sept 2015, in the Louisiana Register.  The Department understands the importance of visitation in the maintenance of an offender's family ties; visitation is an integral component of institutional management. The Department recognizes that the majority of offenders will be released into the community and that the offender's eventual reintegration will be more effective if a visitation program permits the maintenance of social relationships. Visiting can improve public safety and encourage offender accountability. Authorized visitation is permitted by the Department to facilitate an offender's institutional adjustment in accordance with the Department's goals and mission. The visiting process shall be conducted in an atmosphere that is conducive for the safe, secure and orderly management and operation of the institution. Thus, the visiting process will not overly tax the institution's resources or its ability to maintain adequate control and supervision. In this matter, as in all others affecting institutional operations, safety and security are primary considerations. Any restrictions placed on visiting privileges pursuant to this regulation are rationally related to legitimate penological interests.  Offender posted policies are established to help provide structure and organization for the prisons, and a framework within which the offender population can expect the disciplinary system to function.  These rules, regulations, and procedures may only be changed by the Secretary of the Department of Public Safety and Corrections.

You have failed to provide sufficient information to substantiate your claim. Therefore, your request for Administrative Remedy is denied at this level.

Prepared by: _____

Nyesha R. Kelly/Adm. Prog. Spec./Legal Programs

_____          _____
8/18/16                              JO*              RE
Date                                  Reg. Unit Head/DEH

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓)  I am not satisfied with this response and wish to proceed to Step Two.

Reason:
Posted policies #007 and #030 are NOT supported by Dept. Reg C-02-007 and C-02-008. Posted Policies #007 and #030 were NOT promulgated in the La. Register. Posted Policies #007 + #030 contradict C-02-007 + C-02-008. The Secretary of DOC didn't make said changes or new rules. Said posted policies should be recinded or deleted or ruled illegal for reasons in step 1 ARP.

May 26, 2016                     Robert Clark 611786
_____                 _____
Date                            Offender's Signature   DOC#

For Case # LSP-2015-3595

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2015 -3595

TO:   ROBERT CLARK 611786                 C TIG 1/L
         Offender's Name and Number           Living Quarters

                    12/24/15
                 Date of Incident

X                ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                 issued within 40 days of this date.

                 REJECTED:  Your request has been  rejected for the following reason(s):

_____01/11/2016_____          _____Trish Foster_____
              Date                          Warden's Signature or Designee

KSP

2015-3595    0902
Tegal

**RECEIVED**

DEC 2 3 2015

WARDEN'S OFFICE

REQUEST FOR ADMINISTRATIVE REMEDY PROCEDURE

INSTITUTION: LSP

TO: WARDEN                    DATE: 12/24/15
FROM: ROBERT CLARK #611786    HOUSING: Camp C - Tiger 1/2 8

RE: Request for Administrative Remedy to a situation
arising from "illegal" policies: Offender Posted
Policies #007 and #030 which denies offenders
visits for particular rule violations

R E C E I V E D

DEC 2 8 2015

Legal Programs Department

Dear Warden :

   1.  This is a first Step Request for Administrative
Relief (R.A.R.) concerning illegal Offender Posted Policies (O.P.P.)
#007 Drug and Alcohol Testing pages #4-#5, §9.
Sanctions (d); and O.P.P. #030 § Q. Restricted Non-
Contact Visits which denies offenders visits and/or
restricts offenders visits without legal authority.

   2.  Specifically, Louisiana Rev. Statue Title 15 Chapters
seven and eight expresses the legislatures intent pertaining
the authority behind those who may authorize or make
conditions pertaining to offender visits. La. R. S. 15:833
(A) states in pertinent part "The Secretary of the Department
of Public Safety and Corrections may authorize visits and
correspondence under reasonable conditions between inmates
and approved friends, relatives, and other persons..."

                    P1 of 5

3. Also, "La. R. S. 15:829 Discipline of Inmates" states in pertinent part, "The director of corrections shall perscribe rules and regulations for the maintenance of good order and discipline in the facilities and institutions under the ~~jur~~ jurisdiction of the department, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. Corporal punishment is prohibited.

4. "The director shall maintain a record of charges of infractions of the rules and regulations by inmates and any punishments imposed therefor, and of any medical examinations of inmates. "

5. In accordance to La. R.S. 15:833 (A) the Secretary of the Department of Public Safety and Corrections (hereafter: Secretary) authorized Department Regulations No. C-02-008 Field Operation Security Offender Visitation. ~~~~

6. In accordance to La. R.S. 15:829 the Director of Corrections (hereafter: Director) authorized B-05-001 Disciplinary Rules and Proceedures for Adult Offenders.

7. Offender Posted Policies #007 and #030 are not authorized by the Secretary or the Director or the legislature. They are therefore unlawful adendums and/or supplements which upsurp the authority of the Constitution of ~~~~

p2 of 5

the State of Louisiana of 1974 Article 1. §§ 1. Origin and Purpose of Government; 2. Due Process of Law; and 24. Unenumerated Rights whereas the arbitrary and capricious implementation of rules and regulations by prison officials dissassimilates the authority of the people of Louisiana whom granted power to the legislature whom in turn granted power and authority to the Secretary and Director.

8. I challenge the legality of OPP #007 and #030. These policies are not in accordance to La R.S. §§ 15:829 and 833 (A). Neither the Secretary or the Director has approved OPP #007 and #030.

9. With the implementation of Department Regulations No. C-02-008 and B-05-001 visitation became a State created "right" and no longer a privalege.

10. Prison officials do not have the authority to arbitrarily and capriciously ~~place adds~~ create and implement additional rules, regulations, and stipulations unauthorized by the Secretary or the Director.

11. The OPP #007 and #030 which invent a Restricted Non-Contact Visit or Non Contact Visit as a result of a violation of particular rules is unpresidented, not legally authorized or implemented, and even if they are based upon a penological intrest, prison official are obligated

P.3 of 5

to adhere to legal formats and formallities. which has not been accomplished pertaining OPP #007 and #030. The policies are therefor unlawful.

## REQUESTED RELIEF

1. I request the illegal Offender Posted Policy #007 be recinded;

2. I request the illegal Offender Posted Policy #030 be recinded;

3. I request for my visitation rights ~~Bto~~ be restored.

4. I request that any unlawful actions taken as a direct result of these illegal policies be reversed;

5. I request that "Restricted" Non Contact visits be recinded;

6. I request that restrictions to my visitation rights be limited to those outlined in Department Regulations No. C-02-008 and B-05-001 Disciplinary Rules and Procedures for Adult Offenders.

7. I request that all personell whom authorized the grieved illegal policies be reduced in rank for violating my ~~████████~~, Common Law rights and State Constitutional rights

8. I request for mental anguish compensation

P.4 of 5

for depriving me the right to visit friends, family, and other persons be assessed at $5,000.00—

Sincerely

x<u>Robert Clark #611786</u>
Robert Clark #611786
Camp C - Tiger 1/2 8
L SP
Angola, LA 70712

P. 5 of 5

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2016 -0629

TO:  ROBERT CLARK  611786                      TU UPPER C
         Offender's Name and Number                    Living Quarters


                    UNKNOWN
                    Date of Incident


                    ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                    issued within 40 days of this date.

X                   REJECTED:  Your request has been  rejected for the following reason(s):
                              YOUR ARP IS BEING REJECTED DUE TO IT BEING UNCLEAR OR THE
                    VOLUME IS TOO GREAT


_____02/25/2016_____          _____Trish Foster_____
                    Date                                          Warden's Signature or Designee

2016-0629

LSP

Date : ~~February 21~~ 2016

RECEIV~~ED~~

FEB 22 20~~16~~

WARDEN'S OFFICE

RECEIVED

FEB 22 2016

LEGAL PROGRAMS DEPARTMENT

TO: Head Warden at Louisiana State Prison

From: Robert Clark 611786

~~Camp C  Tiger 4~~   TU  Upper C : Cell 14

100

rej

## Request for Administrative Remedy Procedure

RE: ARP - Step - 1.  ~~Denial of~~ Inhumane Living
Conditions in violation of U.S. Const. Amend.s 1,
8, and 14; La State Const. of 1974 Art. 1 §§§§
2, 3, 8, and 20; The Common Law; Federal Tort Act;
La. R.S. Ch 15: 705 (A) (1) and 828 (A)(1)

Dear Warden:

1. This is an ARP Step-1 grieving the conditions
of my past, present, and future confinement in Administ-
rative Segragation (ad. seg.).

2. Specifically, I'm alleging that the conditions of
my confinement, practices, supporting regulations and
restrictions of ad. seg. at Louisiana State Penitentiary
violate my United States Constitutional Amendments 1, 8,
and 14 rights; My rights in accordance to the Louisiana
State Constitution Articl**e** 1 sections 2, 3, 8, and 20;
The Common Law; Federal Tort Act; and Louisiana
Revised Statues Chapter 15 section 705 (A)(1) and 828(A)(1).

1.

## HISTORY

3. On or about December 10, 2015, I was placed in Ad. Seg. for suicide watch at approx. 11 am. I spoke with a social worker and told her I no longer felt suicidal. I explained to her that I attempted to commit suicide the night before because I am a manic deppessant, and I was being sexually harrass on the tier I was living on by inmates and after notifying the captian that I needed help, he ignored me or disseguarded my complaint and I fell into dispair.

4. I was moved to a new housing location on December 10, 2016, (Camp C - Jaguar two right  ) On December 15, 2016, security attempted to move me back to the tier I was being sexually harrassed on (Camp C - Jaguar one left) and I refused to go. I asked to speak to a social worker again. Ms. Michael spoke with me and assured me I would not be placed on that tier again and put me on suicide suicide watch (watch) again. Subsequently, I was placed in Ad. Seg. where the suicide watch cells are at Camp C. My new housing location was Camp C - Tiger one right cell three. I was placed in this cell naked except for a paper gown, a paper sheet, and a suicide matress. All other property of mine was placed in storage.

5. On December 16, 2016, I spoke with classification

p.2

officer Mr. Lee and Ms. Michael and was taken off of suicide watch. I was given a jumper, and a regular matress by security. Both were filthy.

6. On or about December 18, 2015, I was taken to a disciplinary board hearing and plead guilty to refusing to go back to Camp C - Jaguar one left. I was subsequently punished. The punishment was: Transfer to another extended lockdown and eight weeks phone restriction. The transfer was not immediate. I remained housed in ad. seg. pending transfer for __63__ days.

## Basis for the Complaint

7. I am alleging that the rigorous conditions of ad. seg. at Louisiana State Prison deprived ~~made~~ me of the minimal necessities of civilized life and violated my rights through extreme deprivations which caused and continues to cause profound and obvious psychological pain as well as physical pain and suffering.

Administrative Segragation:

8. Ad. Seg. (AKA "the dungeon") as referred to herein comprises of the following housing areas: CBB upper; CBD; Hawk 1-R; T.U. Upper E; Tiger 1-L and 1-R; and Camp J, Gar 1-R.

9. Inmates in the dungeon are confined to cells for

p. 3

a variety of non-punitive reasons. Some are pending investigation of potential disciplinary charges, others are awaiting a hearing after charges are filed, some are confined for protective reasons, security risk, or because after a hearing their housing has been changed and they await transfer to their new housing assignment, still others are on hunger strike or suicide watch. These all break down into the following categories:

　　　　Pre-Hearing Detention　(PHD)
　　　　Transit Status
　　　　Protected Custody　(P.C.)
　　　　Suicide Watch　　(watch)

Classification:

10. Inmates in ad. seg. spend a substantial amount of time there. On February 12, 2016, Mr. Lee, a Classification officer told me, "They" want everyone to do atleast 90 days in ad seg before transfering them." When asked who 'they' are he responded, " Rank."

11. Classification officials, which are present at all disciplinary hearings, and protection concern hearings, knowingly assign inmates to housing areas, and/or custodys, and/or programs which they know are full and will not have bed space for weeks or months. Security also plays a part in these assignments where they must agree to the 'board' decision. This creates

p. 4

a large 'backlog' of inmates pending transfer.

12. Classification and/or security constantly fails to ensure that inmates in the dungeon are housed with other inmates of the same custody status and/or ~~catagoriel~~ catagorical status (ie- PHD and Transit/medium, Maximum and other custodys are housed together). This creates a substantial risk of predator, violent, and/or psycho-logically impaired inmates being placed with passive, non-violent, and/or other psychologically impaired inmates. Example: The first two inmates housed with me were sentenced to Camp J Anger Management Program; the third came as PHD status for agg. disobedience and Defiance rule violations. He was irratable, angry, and aggressive untill after he went to Disciplinary Board (Hereafter: D.B.) court, and sentenced to another working cellblock (plus other restrictions), My fourth cellmate came into my cell on PHD also. He was accused of agg. disobedience and a aggravated sex offense (i.e. masterbating). He too was irratable, angry, and hostile until he went to D.B. court and sentenced to the working cellblock.

<u>Conditions of Confinement</u>: (The Dungeon)

13. While in the dungeon, Offender Posted Policies (OPP) numbers 026, 34, 35, and 36 predominately govern privilages and restrictions.

p. 5

14. According to OPP #026, inmates in ad seg are only allowed to purchase five dollars worth of items which are limited to: a legal supply pack; stamps; asprin, effer grip, and atheletes foot medication if he is indigent. If the inmate has money he is allowed to purchase other correspondance materials with a spending limit up to ~~#~~ twenty-five dollars.

15. OPP # 035 and #036 futher restricts inmates in the dungeon to the following personal possessions: (1) towel; (1) pair of shower shoes; (1) watch; (1) watch battery; (1) wedding ring; legal papers; (15) personal letters; (2) sheets; (1) pillow; (1) pillow case; (1) matress; (2) blankets; and one jumpsuit.

16. Inmates are not allowed to buy any of these items via canteen because of OPP #026.

17. All other hygiene and personal property is with-held untill the inmate is released from the dungeon. This includes underwear, socks, shoes, teeshirts, and jackets.

18. Jumpsuits are never available "daily" as policy states. They are rarely available twice a week. The jumpsuits commonly have holes, stains from other inmates feces, urine, and blood.

19. Towels, sheets, blankets, pillow, and pillow cases are not issued to inmates in the dungeon. When

I asked for these necessities I was told by security that I had to wait untill the shift that locked me up came on to retrieve them from my property. And a supervisor must be the one to give access to said property.

20. Ranking officials commonly deny access to property including legal work/materials as a means of retaliation and/or arbitrary and capricious decision making. I was not allowed access to my property untill Dec    2015. Prior to that I only had a jumper, matress, toothbrush, toothpaste, and I was without toilet paper till it was passed out on December 23, 2015. I was given a half a bar of soap on December 16, 2015 at shower time and I used my paper sheet and shirt for toilet paper through out the week of December 23 - 26 2015. (Toilet paper is passed out once a week)

21. Matresses are issued via dragging them from one cell to another on the floor. When mine was dropped infront of my cell I was told to drag it under the door. No cleaning materials was ever given for inside the cell.

22. I was in three different cells while housed in the dungeon. The toilet in each one looked and smelled disgusting. Each was coated with calcified water, feces, mold, urine, food particles, and other

p. 7

unknown substances.

23. Hair cuts and shaves are done in the cells, leaving hair scattered about with no access to a mop (a broom is given). The 'tier' is mopped after each meal but inside the cells is unsanitary.

24. The lighting in the cells is inadequate whereas inmates are not allowed to use their in cell light without turning on all the lights in every cell on the tier. Thus denying in cell lighting. There is also no access to personal night lights for in cell (personal) lighting needs. While reading or writing through out any day I suffered eye strain and head aches.

25. Mail is only allowed in the form of general corrospondence and legal corrospondence. Books, newspapers, and magazines are with held from inmates who have been to a disciplinary or protection hearing and placed on transit status reguardless of their custody level without penological intrest, and/or justification. I get five magazines and all have been withheld for the entire time of my housing in the dungeon. There is no other form of mental stimulation.

26. There is a exersize device on some dungeon tiers, but inmates have no access to them.

P. 8

27. There is no form of out-of-cell recreation opportunities. I was confined to my cell twenty-four hours a day with the exception of a fifteen minute shower opportunity once a day for sixty-three days.

28. The only food allowed is that which is issued by the state. Officers and orderlies in charge of food preparation are not trained or required to know the restrictions on special diets.

29. I was often given the choice of go hungry or ignore my Rastatarian diet religious beliefs. Complaints were met with scorn or disregard.

30. The food was served off of a steam cart but never given time to get hot. Officers wear food thermometors but never use them.

31. When exiting the cell for any reason inmates are handcuffed and shackled. The restraints are never sanatised.

32. The restraints are never locked to prevent futher tightening.

33. When going to a call out the shackles and cuffs are left on untill the inmate returns to his cell. This is hours at a time, normally.

34. Shackles used without socks cut into the skin making them painful.

p 9

35. Shackles are used on inmates who have already been to D.B. court and are classified to a custody which does not require shackles to move about the prison making their use in the dungeon excessive, humiliating, and unnecessarily painful. Only Camp J Anger Management Level two and three are custody levels that have been deemed necessary for restraints too and from shower. To all others this is an excessive, humiliating, degrading, unnecessary use of force without penological justification.

36. When going to call outs, inmates must wear their jumpsuit and shower slides, no other clothing requardless of the temperature.

37. Officers use chemical agents arbitrarily and capriciously without following any set of guidelines. Officers futher lie as to the reason they used said force. Chemical agents are used as a means of retaliation, intimidation, and as a way to assault disfavored inmates. Even when the targeted inmate is not posing a threat to himself or others. (Ex: I suffered from being next door to a inmate who was sprayed on February 16, 2016 at approx 10:30 am by a Lt. Jones because the inmate would not be quiet.) The ventilation was cut

p 10

off so that others on the tier would be more severely affected and get the message of what would happen if others would not be quiet.

38. While in the dungeon, I suffered from sleep deprivation, lived in fear, discomfort, and lived in a enviornment of extreme deprivation against the laws of this State and Country. In cell fights were common. Even with inmates who were previously non-violent.

39. Any policies, laws, rules, and/or regulations in place to prevent the afore mentioned conditions of confinement are not being implemented. The dungeon and its living enviornment is meant to be a punishment, and it is, and excessively so in violation of the 1st, 8th, and 14th amendments of the U.S. Const. and the Const. of Louisiana 1974, Art. 1 §§§§ 2, 3, 8, and 20, the common law, and L.R.S. Ch. 15: 705 (A)(i) and 828 (A)(i).

40. "If a restriction appears to be unrelated to a legitimate governmental objective, and is, for example, arbitrary or purposeless, then a court may infer that it is intended to be a punishment. Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-169, 83 S.Ct. 554, 567-568 (1963). Unlike punitive segragation, including punitive isolation which is imposed by way of punishment for

p. 11

past misconduct, administrative segration is not punitive and it looks to the present and the future rather than the past. <u>Kelly v Brewer</u>, 525 F2d 394, 399 (8th Cir 1975)

41. The Fith Circuit declared in 1999 that the deprivation of books, publications, property, hygiene, and canteen items to inmates in non-punitive administrative segragation constitute deprivation of the most basic psychological needs. More than mere deprivation, inmates suffer actual psychological harm from the almost total deprivation of human contact, mental stimulas, personal property, and human dignity. <u>Ruiz v Johnson</u>, 37 F.Supp. 2d 855, 913 (S.D. Tex 1999)

42. Stated herein is a systemic pattern of extreme social isolation and reduced enviornmental stimulation. as described in <u>Ruiz</u>, Id. at 915. A remedy for unsafe conditions need not await a tragic event. <u>Id</u>. at 928  Prison officials may not use excessive force against inmates. <u>Id</u> at 938.

43. Each inmate must be afforded the oppertunity for atleast one hour of exercise a day if he is in ad. seg. for more than three consecutive days. <u>Ruiz v Estelle</u>, 679 F.2d 1115, 1151 (5th Cir 1982)

44. I allege that the combined impact of

denying me proper clothes, food, exercise, fresh air, basic hygiene (soap, deodorant, shampoo, hair grease, etc.) shower shoes, books, magazines, newspaper, lighting, bedding, toiletries, and other basic necessities violated my U.S. Const., State Const., State Statutory, and Common Law Rights. (My Rights.)

45. I allege that the use of force via chemical agents as is a practice in ad seg for non penological reasons as described herein is against my rights.

## RELIEF

1. I request that inmates in ad seg be housed with inmates of their own custody level.

2. I request that stays in ad seg be reduced to a thirty day minimum.

3. I request that inmates on P.H.D. not be housed with inmates already on transit status.

4. I request that inmates on Transit status be given all of their property which they would be allowed in their regular housing assignment.

5. I request that inmates in ad seg be allowed to purchase items from the canteen in accordance to their custody status

6. I request that books, Newspapers, and

p. 13

~~magazines~~ magazines be allowed to inmates in ad seg on transit status.

7. I request that inmates in ad seg be given atleast one hour of recreation outside of their cells each day after seventy two hours of being in ad. seg.

8. I request that inmates in ad. seg. whom are not on suicide watch be allowed to have underwear, T-shirts, and socks.

9. I request that haircuts be done outside of the cell.

10. I request that Offender Posted Policies Numbers 026, 034, 035, and 036 be rescinded as unconstitutional/unlawful.

11. I request that jumpsuits in the dungeon be washed daily and that enough is provided so that each inmate can have the size he needs..

12. I request that unsanitary jumpsuits be disquarded.

13. I request that matresses not be drug from one place to the next on the floor.

14. I request that cleaning materials be given for toilet, and in cell use as needed.

15. I request that toiletries be given to inmates being 'placed' in ad seg aswell as bedding.

16. I request that inmates be allowed access to a night light and through out each day access to the cell light.

17. I request that the food be served in nutritional, adequate amounts, for all diets, and that it be a hot as policy requires.

18. I request that shackles only be used for those whose custody require such and for callouts. (From cell to shower is unnecessary for a working cellblock inmate, a extended lockdown, or general population inmate).

19. I request that restraints be locked when placed on inmates.

20. I request that restraints be sanitized after each use.

21. I request that chemical agents only be allowed as a means of stopping an imminent threat to ones self or others.

22. I request 2,500,000.00 for compensational damages due to the 63 days I lived in ad seg.

23. I request 2,500,000.00 in punitive damages due to the 63 days I lived in ad.seg. under said conditions described herein.

Respectfully Submitted

Robert Clark

Robert Clark  611786

February 21, 2016

p. 15

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

2/25/16
(R)

ARP NUMBER:  LSP - 2016 - 0629

RE:  ROBERT CLARK     611786

LOCATION:     (D RAV 3/R)       D HWK 1/R 0

I HEREBY ACKNOWLEDGE RECEIPT OF FORM ARP-1 REGARDING REQUEST FOR REMEDY
NUMBER LSP-2016-0629

RECEIVED BY: _____ Robt Clark   611786 _____
                        (INMATE'S NAME & NUMBER)

DATE RECEIVED: _____ 11-15-16 _____

DELIVERED BY: _____

=====================================================================
INSTRUCTION TO DELIVERY OFFICER:

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the receipt and dates it.

3.    Give the inmate the White envelope.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.

**RECEIVED**

NOV 17 2016

LEGAL PROGRAMS DEPARTMENT

11/9    2nd Time Sent. Send Receipt Back
        DUS 11-14-16.

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
### OFFENDERS RELIEF REQUEST FORM

### CASE NUMBER: LSP-2016 -0629

TO:  <u>ROBERT CLARK  611786</u>                    <u>TU UPPER C</u>
       Offender's Name and Number                    Living Quarters


<u>UNKNOWN</u>
Date of Incident


ACCEPTED:  This request comes to you from the Wardens Office.  A response will be issued within 40 days of this date.

X          REJECTED:  Your request has been  rejected for the following reason(s):
        YOUR ARP IS BEING REJECTED DUE TO IT BEING UNCLEAR OR THE VOLUME IS TOO GREAT


<u>    02/25/2016    </u>                    <u>    Trish Foster    </u>
       Date                    Warden's Signature or Designee

2016-0629

LSP

Date: ~~February 21~~, 2016

TO: Head Warden at Louisiana State Prison

From: Robert Clark 611786

~~Camp C  Tiger 4  1~~ TU Upper C: Cell 14

1000
rej

<u>Request for Administrative Remedy Procedure</u>

RE: ARP - Step - 1 ~~Denial of~~ Inhumane Living
Conditions in violation of U.S. Const. Amend.s 1,
8, and 14; La State Const of 1974 Art. 1 §§§§
2, 3, 8, and 20; The Common Law; Federal Tort Act;
La. R.S. Ch 15: 705 (A)(1) and 828 (A)(1)

RECEIVED

FEB 22 2016

WARDEN'S OFFICE

RECEIVED

FEB 22 2016

LEGAL PROGRAMS DEPARTMENT

Dear Warden:

   1. This is an ARP step-1 grieving the conditions
of my past, present, and future confinement in Administ-
rative Segregation (ad. seg.).

   2. Specifically, I'm alleging that the conditions of
my confinement, practices, supporting regulations and
restrictions of ad. seg. at Louisiana State Penitentiary
violate my United States Constitutional Amendments 1, 8,
and 14 rights; My rights in accordance to the Louisiana
State Constitution Article 1 sections 2, 3, 8, and 20;
The Common Law; Federal Tort Act; and Louisiana
Revised Statues Chapter 15 section 705 (A)(1) and 828(A)(1).

1.

# HISTORY

3. On or about December 18, 2015, I was placed in Ad. Seg. for suicide watch. At approx. 11 am. I spoke with a social worker and told her I no longer felt suicidal. I explained to her that I attempted to commit suicide the night before because I am a manic depressant, and I was being sexually harrass on the tier I was living on by inmates and after notifying the captian that I needed help, he ignored me or disregarded my complaint and I fell into dispair.

4. I was moved to a new housing location on December 10, 2016, (Camp C - Jaguar two right   ) On December 15, 2016, security attempted to move me back to the tier I was being sexually harrassed on (Camp C - Jaguar one left) and I refused to go. I asked to speak to a social worker again. Ms. Michael spoke with me and assured me I would not be placed on that tier again and put me on suicide watch (watch) again. Subsequently, I was placed in Ad. Seg. where the suicide watch cells are at Camp C. My new housing location was Camp C - Tiger one right cell three. I was placed in this cell naked except for a paper gown, a paper sheet, and a suicide matress. All other property of mine was placed in storage.

5. On December 16, 2016, I spoke with classification.

p.2

officer Mr. Lee and Ms. Michael and was taken off of suicide watch. I was given a jumper, and a regular matress by security. Both were filthy.

6. On or about December 18, 2015, I was taken to a disciplinary board hearing and plead guilty to refusing to go back to Camp C - Jaguar one left. I was subsequently punished. The punishment was: Transfer to another extended lockdown and eight weeks phone restriction. The transfer was not immediate. I remained housed in ad. seg. pending transfer for _63_ days.

## Basis for the Complaint

7. I am alleging that the rigorous conditions of ad. seg. at Louisiana State Prison deprived ~~inmates~~ me of the minimal necessities of civilized life and violated my rights through extreme deprivations which caused and continues to cause profound and obvious psychological pain as well as physical pain and suffering.

Administrative Segregation:

8. Ad. Seg. (AKA "the dungeon") as referred to herein comprises of the following housing areas: CBB Upper; CBD; Hawk 1-R; T.U. Upper E; Tiger 1-L and 1-R; and Camp J, Gar 1-R.

9. Inmates in the dungeon are confined to cells for

p. 3

a variety of non-punitive reasons. Some are pending investigation of potential disciplinary charges, others are awaiting a hearing after charges are filed, some are confined for protective reasons, security risk, or because after a hearing their housing has been changed and they await transfer to their new housing assignment, still others are on hunger strike or suicide watch. These all break down into the following catagories:

Pre-Hearing Detention   (PHD)
Transit Status
Protected Custody   (P.C.)
Suicide Watch        (watch)

Classification:

10. Inmates in ad. seg. spend a substantial amount of time there. On February 12, 2016, Mr. Lee, a Classification officer told me "They" want everyone to do atleast 90 days in ad seg before transfering them." When asked who 'they' are he responded, "Rank."

11. Classification officials, which are present at all disciplinary hearings, and protection concern hearings, knowingly assign inmates to housing areas, and/or custodys, and/or programs which they know are full and will not have bed space for weeks or months. Security also plays a part in these assignments where they must agree to the 'board' decision. This creates

p. 4

a large 'backlog' of inmates pending transfer.

12. Classification and/or security constantly fails to ensure that inmates in the dungeon are housed with other inmates of the same custody status and/or ~~catagoric~~ catagorical status (ie- PHD and Transit/Medium, Maximum and other custodys are housed together). This creates a substantial risk of predator, violent, and/or psychologically impaired inmates being placed with passive, non-violent, and/or other psychologically impaired inmates. Example: The first two inmates housed with me were sentenced to Camp J Anger Management Program; the third came as PHD status for agg. disobedience and Defiance rule violations. He was irratable, angry, and aggressive untill after he went to Disciplinary Board (Hereafter: D.B.) court, and sentenced to another working cellblock (plus other restrictions), My fourth cellmate came into my cell on PHD also. He was accused of agg. disobedience and a aggravated sex offense (i.e. masterbating). He too was irratable, angry, and hostile until he went to D.B. court and sentenced to the working cellblock.

Conditions of Confinement: (The Dungeon)

13. While in the dungeon, Offender Posted Policies (OPP) numbers 026, 34, 35, and 36 predominately govern privilages and restrictions.

p. 5

14. According to OPP #026, inmates in ad seg are only allowed to purchase five dollars worth of items which are limited to: a legal supply pack; stamps; asprin, effer grip, and atheletes foot medication if he is indigent. If the inmate has money he is allowed to purchase other corrospondance materials with a spending limit up to twenty-five dollars.

15. OPP # 035 and #036 futher restricts inmates in the dungeon to the following personal possessions: (1) towel; (1) pair of shower shoes; (1) watch; (1) watch battery; (1) wedding ring; legal papers; (15) personal letters; (2) sheets; (1) pillow; (1) pillow case; (1) matress; (2) blankets; and one jumpsuit.

16. Inmates are not allowed to buy any of these items via canteen because of OPP #026.

17. All other hygiene and personal property is with-held untill the inmate is released from the dungeon. This includes underwear, socks, shoes, teeshirts, and jackets.

18. Jumpsuits are never available 'daily' as policy states. They are rarely available twice a week. The jumpsuits commonly have holes, stains from other inmates feces, urine, and blood.

19. Towels, sheets, blankets, pillow, and pillow cases are not issued to inmates in the dungeon. When

I asked for these necessities I was told by security that I had to wait untill the shift that locked me up came on to retrieve them from my property. And a supervisor must be the one to give access to said property.

20. Ranking officials commonly deny access to property including legal work/materials as a means of retaliation and/or arbitrary and capricious decision making. I was not allowed access to my property untill Dec    2015. Prior to that I only had a jumper, matress, toothbrush, toothpaste, and I was without toilet paper till it was passed out on December 23, 2015. I was given a half a bar of soap on December 16, 2015 at shower time and I used my paper sheet and shirt for toilet paper through out the week of December 23 - 26 2015. (Toiletpaper is passed out once a week)

21. Matresses are issued via dragging them from one cell to another on the floor. When mine was dropped in front of my cell I was told to drag it under the door. No cleaning materials was ever given for inside the cell.

22. I was in three different cells while housed in the dungeon. The toilet in each one looked and smelled disgusting. Each was coated with calcified water, feces, mold, urine, food particles, and other

p. 7

unknown substances.

23. Haircuts and shaves are done in the cells, leaving hair scattered about with no access to a mop (a broom is given). The 'tier' is mopped after each meal but inside the cells is unsanitary.

24. The lighting in the cells is inadequate whereas inmates are not allowed to use their in cell light without turning on all the lights in every cell on the tier. Thus denying in cell lighting. There is also no access to personal night lights for in cell (personal) lighting needs. While reading or writing through out any day I suffered eye strain and head aches.

25. Mail is only allowed in the form of general correspondence and legal correspondence. Books, newspapers, and magazines are with held from inmates who have been to a disciplinary or protection hearing and placed on transit status reguardless of their custody level without penological intrest, and/or justification. I get five magazines and all have been withheld for the entire time ~~I was~~ of my housing in the dungeon. There is no other form of mental stimulation.

26. There is ~~an~~ a exersize device on some dungeon tiers, but inmates have no access to them.

p. 8

27. There is no form of out-of-cell recreation opportunities. I was confined to my cell twenty-four hours a day with the exception of a fifteen minute shower opportunity once a day for sixty-three days.

28. The only food allowed is that which is issued by the state. Officers and orderlies in charge of food preparation are not trained or required to know the restrictions on special diets.

29. I was often given the choice of go hungry or ignore my Rastafarian diet religious beliefs. Complaints were met with scorn or disregard.

30. The food was served off of a steam cart but never given time to get hot. Officers wear food thermometors but never use them.

31. When exiting the cell for any reason inmates are handcuffed and shackled. The restraints are never sanatised.

32. The restraints are never locked to prevent futher tightening.

33. When going to a call out the shackles and cuffs are left on untill the inmate returns to his cell. This is hours at a time, normally.

34. Shackles used without socks cut into the skin making them painful.

p 9

35. Shackles are used on inmates who have already been to D.B. court and are classified to a custody which does not require shackles to move about the prison making their use in the dungeon excessive, humiliating, and unnecessarily painful. Only Camp J Anger Management Level two and three are custody levels that have been deemed necessary for restraints too and from shower. To all others this is an excessive, humiliating, degrading, unnecessary use of force without penological justification.

36. When going to call outs, inmates must wear their jumpsuit and shower slides, no other clothing requardless of the temperature.

37. Officers use chemical agents arbitrarly and capriciously without following any set of guidelines. Officers futher lie as to the reason they used said force. Chemical agents are used as a means of retaliation, intimidation, and as a way to assault disfavored inmates. Even when the targeted inmate is not posing a threat to himself or others. (Ex: I suffered from being next door to a inmate who was sprayed on February 16, 2016 at approx 10:30 am by a Lt. Jones because the inmate would not be quiet.) The ventilation was cut

p 10

off so that others on the tier would be more severely affected and get the message of what would happen if others would not be quiet.

38. While in the dungeon, I suffered from sleep deprivation, lived in fear, discomfort, and lived in a enviornment of extreme deprivation against the laws of this State and Country. In cell fights were common. Even with inmates who were previously non-violent.

39. Any policies, laws, rules, and/or regulations in place to prevent the afore mentioned conditions of confinement are not being implemented. The dungeon and its living enviornment is meant to be a punishment, and it is, and excessively so in violation of the 1st, 8th, and 14th amendments of the U.S. Const. and the Const. of Louisiana 1974, Art. 1 §§§§ 2, 3, 8, and 20, the common law, and L.R.S. Ch. 15: 705 (A)(1) and 828 (A)(1).

40. "If a restriction appears to be unrelated to a legitimate governmental objective, and is, for example, arbitrary or purposeless, then a court may infer that it is intended to be a punishment. Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-169, 83 S.Ct. 554, 567-568 (1963). Unlike punitive segragation, including punitive isolation which is imposed by way of punishment for

p. 11

past misconduct, administrative segration is not punitive and it looks to the present and the future rather than the past. Kelly v Brewer, 525 F2d 394, 399 (8th Cir 1975)

41. The Fith Circuit declared in 1999 that the deprivation of books, publications, property, hygiene, and canteen items to inmates in non-punitive administrative segragation constitute deprivation of the most basic psychological needs. More than mere deprivation, inmates suffer actual psychological harm from the almost total deprivation of human contact, mental stimulas, personal property, and human dignity. Ruiz v Johnson, 37 F. Supp. 2d 855, 913 (S.D. Tex 1999) :

42. Stated herein is a systemic pattern of extreme social isolation and reduced envionmental stimulation. as described in Ruiz, Id. at 915. A remedy for unsafe conditions need not await a tragic event. Id, at 928   Prison officials may not use excessive force against inmates. Id at 938.

43. Each inmate must be afforded the opportunity for atleast one hourse of exercise a day if he is in ad. seq. for more than three consecutive days. Ruiz v Estelle, 679 F.2d 1115, 1151 (5th Cir 1982)

44. I allege that the combined impact of

p. 12

denying me proper clothes, food, exercise, fresh air, basic hygiene (soap, deodorant, shampoo, hair grease, etc.) shower shoes, books, magazines, newspaper, lighting, bedding, toiletries, and other basic necessities violated my U.S. Const., State Const., State Statutory, and Common Law Rights. (My Rights.)

45. I allege that the use of force via chemical agents as is a practice in ad seg for non penological reasons as described herein is against my rights.

## RELIEF

1. I request that inmates in ad seg be housed with inmates of their own custody level.

2. I request that stays in ad seg be reduced to a thirty day minimum.

3. I request that inmates on P.H.D. not be housed with inmates already on transit status.

4. I request that inmates on Transit status be given all of their property which they would be allowed in their regular housing assignment.

5. I request that inmates in ad seg be allowed to purchase items from the canteen in accordance to their custody status

6. I request that books, Newspapers, and

p. 13

~~magazines~~ magazines be allowed to inmates in ad seg on transit status.

7. I request that inmates in ad seg be given atleast one hour of recreation outside of their cells each day after seventy two hours of being in ad. seg.

8. I request that inmates in ad. seg. whom are not on suicide watch be allowed to have underwear, T-shirts, and socks.

9. I request that haircuts be done outside of the cell.

10. I request that Offender Posted Policies Numbers 026, 034, 035, and 036 be rescinded as unconstitutional/unlawful.

11. I request that jumpsuits in the dungeon be washed daily and that enough is provided so that each inmate can have the size he needs..

12. I request that unsanitary jumpsuits be disguarded.

13. I request that matresses not be drug from one place to the next on the floor.

14. I request that cleaning materials be given for toilet, and in cell use as needed.

15. I request that toiletries be given to inmates being 'placed' in ad seg aswell as bedding.

16. I request that inmates be allowed access to a night light and through out each day access to the cell light.

17. I request that the food be served in nutritional, adequate amounts, for all diets, and that it be a hot as policy requires.

18. I request that shackles only be used for those whose custody require such and for call outs. ( From cell to shower is unnecessary for a working cellblock inmate, a extended lockdown, or general population inmate ).

19. I request that restraints be locked when placed on inmates.

20. I request that restraints be sanitized after each use.

21. I request that chemical agents only be allowed as a means of stopping an imminent threat to ones self or others.

22. I request 2,500,000.00 for compensational damages due to the 63 days I lived in ad seg.

23. I request 2,500,000.00 in punitive damages due to the 63 days I lived in ad.seg. under said conditions described herein.

Respectfully Submitted

Robert Clark

Robert Clark 611786

February 21, 2016

p. 15

LOUISIANA STATE PENITENTIARY                    2/25/16

ANGOLA, LOUISIANA                                   (R)

ARP NUMBER:  LSP - 2016 - 0629

RE:  ROBERT CLARK       611786

LOCATION:     (D RAV 3/R)        D HWK 1/R 0

I HEREBY ACKNOWLEDGE RECEIPT OF FORM ARP-1 REGARDING REQUEST FOR REMEDY
NUMBER LSP-2016-0629

RECEIVED BY:  _____ *Robt Clark* G11786 _____
                        (INMATE'S NAME & NUMBER)

DATE RECEIVED:  _____ 11 - 15 - 16 _____

DELIVERED BY:  _____

====================================================================
INSTRUCTION TO DELIVERY OFFICER:

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the receipt and dates it.

3.    Give the inmate the White envelope.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.

**RECEIVED**

**NOV 17 2016**

**LEGAL PROGRAMS DEPARTMENT**

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

**CASE NUMBER:  LSP-2016-0845**

**SECOND STEP RESPONSE FORM**
**(HEADQUARTERS)**

TO: <u>CLARK, ROBERT    611786</u>                          <u>LSP</u>
     Offender Name and Number                          Living Unit


Response to Request Dated 04/27/2016, Received in this Office on 05/12/2016:

Your request for an administrative review of ARP# LSP-2016-0845 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

Your allegations have been considered.  Per Offender Posted Policy #034, Cell floors will be clean at all times and there will be no cluttering in the cell; trash and paper will be thrown in the proper containers, not on the floor or in toilets; offenders housed in Administrative Segregation will be given a clean jumpsuit daily; each offender will be required to clean - sweep, clean, and mop - his cell daily and cleaning supplies will be provided for this purpose; routine cell maintenance will be the joint responsibility of each offender assigned to the cell; and assigned offender tier orderlies will be responsible for cleaning the showers upon completion of showers.  You have failed to provide any evidence to substantiate your allegations or that would cause us to believe otherwise.  As such, this office finds no further investigation is warranted.

Your request for relief is denied.


_____                          _____
         Date                                    Secretary's Signature or His Designee

LOUISIANA STATE PENITENTIARY
ANGOLA,' LOUISIANA

INMATE:   611786 ROBERT CLARK

LOCATION:  D RAV 2/L      D HWK 1/R 0    *Raw 4|R*

### ACKNOWLEDGMENT OF RECEIPT OF SECOND STEP RESPONSE

This will acknowledge receipt of the SECOND STEP response
(SECRETARY'S RESPONSE) OF ARP #LSP-2016-0845 .

RECEIVED BY: _Rbt Clk 6/16/16_____

DATE RECEIVED: _6-16-16_____

DELIVERED BY: _____

=============================================================
PLEASE READ THE FOLLOWING
INSTRUCTIONS TO DELIVERY OFFICER:

1.   Have the inmate sign and date the second step portion of
     the BROWN ENVELOPE MARKED WITH *** acknowledging receipt of the
     second step response.
     **PLEASE HAVE BOTH AREAS WITH THE *** SIGNED BEFORE YOU RETURN TO LEGAL.**

2.   Have the inmate sign BOTH AREAS OF this receipt.

3.   Delivery Officer MUST sign receipt and date it.

4.   Give the inmate the contents of the envelope.

5.   Return the BROWN envelope and the receipt to LEGAL PROGRAMS DEPARTMENT

**R E C E I V E D**

DUE BACK DATE          JUN 1 6 2016

JUN 1 0 2016          Legal Programs Department



LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

**ARP NUMBER:** LSP - 2016 - 0845

RE:  ROBERT CLARK       611786

LOCATION: _____ Tn upper C _____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST FOR REMEDY NUMBER LSP 2016-0845.

RECEIVED BY: ___Robert Clark 611786_____
                     (INMATE'S NAME & NUMBER)

DATE RECEIVED: _____4-27-16_____

DELIVERED BY: ___R. Melvin McDowell_____

================================================================

1.   Have the inmate sign this receipt.

2.   Delivery Officer signs the reciept and dates it.

3.   Give the Inmate the Manila Envelope and contents.

4.   Return the reciept to LEGAL PROGRAMS DEPARTMENT.

**RECEIVED**

APR 27 2016

Legal Programs Department

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2016 -0845

TO:  <u>ROBERT CLARK 611786</u>            <u>TU UPPER C</u>
        Offender's Name and Number          Living Quarters

                    <u>UNKNOWN</u>
                    Date of Incident

X                ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                issued within 40 days of this date.

                REJECTED:  Your request has been  rejected for the following reason(s):

_____<u>04/04/2016</u>_____            _____
                Date                          Trish Foster
                                     Warden's Signature or Designee

# LSP
## Backlog Notification

TO:  <u>CLARK, ROBERT 611786</u>                <u>TU</u>
       Offender Name and Number            Living Unit

RE: LSP-2016-0845                    Received Date:

The Administrative Remedy Procedure for adult inmates allows for the backlogging of
multiple requests, therefore, your first request will be accepted and handled. The others
will be logged and set aside for handling at such time as the current request in the system
has been exhausted at the 2nd Step or your time limits have elapsed at Step 1.

You currently have an ARP(s) in the system. The ARP received today, Case Number
LSP-2016-0845 will be processed following the above guidelines.  If you wish to have this
ARP handled immediately, you may withdraw all pending ARPs.

From: Robert Clark #611786 § TO: TRISH FOSTER

Housing: TU ½ 14 § Wardens Designee

Date: March 9, 2016 § Case No.: LSP-2016-0629

2016-0845

**BACKLOGGED ARP**

In accordance with the Administrative Remedy Procedure (ARP) installed on Sept. 18, 1985, "if a request is unclear or the volume of attached material is to great, it may be rejected and returned to the offender with a request for clarity or summarization on one additional page." On March 6, 2016, Robert Clark, relator, recieved notification construed as such pertaining to case number: LSP-2016-0629. Relator therefore submits the following for clarity or summerization of said ARP:

From Dec. 15, 2015 through Feb. 16, 2016, relator was forced to live in Ad. Seg. The conditions of confinement collectively therein denied relator the basic necessities of life without penological justification.

Relator was denied adequate or clean clothing, sanitary living quarters, the oppertunity to exercise, or go out doors. Also, he was denied personal property, books, periodicals, commissary privilages, hygiene, soap, adequate lighting, mental and social stimulation, sleep, medical attention, bedding, adequate food, and reasonable safety. Relator was subjected to tear gas several times, unsanitized restraints which cut into the flesh, and complaints were met with scorn. These conditions were compounded with dispare because relator was subjected to said punishments intentionally after seeking help. Said extreme deprivations predominately derive from policy and custom to wit collectively they denied relator his civil rights and he seeks redress.

Signed! Robert Clark

RECEIVED
MAR 15 2016
Legal Programs Department

1406 Camp C

TU ½

CASE NUMBER:  LSP-2016-0845

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)


TO:  <u>CLARK, ROBERT 611786</u>                    <u>TU UPPER C</u>
                                                      Living Quarters



Response to request dated , received in this office on 03/15/2016

This request for remedy was received, logged, and set aside until today because you had other requests in the system at the time it was received.  Your request for remedy was handled in this manner pursuant to the Administrative Remedy Procedure.

In your letter of complaint dated March 9, 2016, while housed at Camp C, you state you were forced to live in Administrative Segregation from December 15, 2015, to February 16, 2016.  Institutional records reflect you were placed in Administrative Segregation because of your own actions.  You appeared before the Disciplinary Board on December 21, 2015, where you plead guilty, and were sentenced to quarters change to another extended lockdown unit.  You remained in Administrative Segregation until a bed became available for you to transfer.  No evidence is found to support your allegations.  Your request for Administrative Remedy is denied.

Prepared by: _____
                  Tim DeLaney/AWII/adb


Approved by: _____
                  Chad Menzina/AWIII/tdb

_____                    _____
            Date                                              Unit Head


<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(  )  I am not satisfied with this response and wish to proceed to Step Two.

Reason:

_____
_____
_____
_____

_____                    _____
            Date                                      Offender's Signature    DOC#

A/U 509
Admin

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**DISCIPLINARY REPORT**

INSTITUTION: √ L.S.P    C.T.G 1K

| 1. Name of Offender | 2. Number | 3. Date of Incident | 4. Time of Incident |
|---|---|---|---|
| Robert Clark | 611786 | 12·15·2015 | 10:20 Am |

| 5. Place of Incident | 6. Job Assignment (Offender) | 7. Housing Assignment (Offender) |
|---|---|---|
| Jag 2 Right | Ext L/D | Jag 1/2 2 Right Cell #2 |

| 8. Rule Violated | 9. Rule Number |
|---|---|
| Disobedience, Agg | 5 |

10. Description of Incident (Include all relevant information - "unusual Offender behavior, staff witnesses, physical evidence & disposition, immediate action including use of force"; use other side, if necessary)

On the above date and approx. time offender Robert Clark DOC#611786 flatly refused several direct orders to come to the bars to get restrained, so he could be transferred from Jag 2 Right to Jag 1 Left. Lt. Franklin was notified.

11. Offender Placed in Adm. Seg.  ☒ Yes    ☐ No

| 12. Signature of reporting employee | 13. Name, Title, Assignment (Print) |
|---|---|
| A. Robinson | A. Robinson, Cadet, Jag 2 |

| 14. Date of Report | 15. Time of Report | 16. Report (copy) given to above Offender by: | 17. Offender's Signature: |
|---|---|---|---|
| 12·15·2015 | 10:40 Am | | Refuse to sign |

| 18. Plea by Offender: ☐ Not Guilty ☒ Guilty | 19. Verdict: ☐ Not Guilty ☒ Guilty |
|---|---|

| 20. Date of Hearing: | 21. Counsel Substitute: DOC# |
|---|---|
| 12-17-15    12-21-15 | 553529    352181 |

22. Motions:  Def 24 hrs for copy of Rpt    No Reby

23. Reasons for Disposition:
☒ Report is clear and precise.    ☐ Lack of a credible defense/little or no defense.    ☐ Based on his statement.
☒ The officer's version is determined to be more credible than the Offender's.    ☒ Pled guilty/accepted guilty plea.
☐ Only defense is denying contents of report.    ☐ The Offender presented no evidence to refute the charges.
☐ The Investigative officer's testimony was deemed more truthful and accurate than the Offender's.    ☒ Plea bargain.
☐ The Offender's demeanor led the board to believe that the Offender's testimony was untrue.
☐ Other

24. Reasons for Sentence:
☒ Seriousness of offense.    ☒ The need to protect the institution, employees, or other.
☐ Poor Conduct record. A total of _____ rule violation(s). A total of _____ Schedule B violations since _____
A total of _____ # _____ rule violations since _____
☐ Other

25. Sentence:
Qtrs chnge to Another Ext LD    Suspended ☐    Days    Imposed ☒

26. Sentence:
Loss Qtrs phone    Suspended ☐    Days    Imposed ☒

27. DISCIPLINARY BOARD:
Cost may be imposed for any property loss, damage, or medical expense occasioned through the fault of an Offender who in so causing the loss, damage, or medical expenses also is found guilty through the disciplinary process of violating one or more of the rules set out in the Disciplinary Rules and Procedures for Adult Offenders.

Lt C T Barron
CHAIRMAN (DISCIPLINARY OFFICER)
Robyn A Doville
MEMBER    AFDC Spec II

R 08/14/08

Penitentiary Directive No. 09.042
FORM B

## LOUISIANA STATE PENITENTIARY
# PERSONAL PROPERTY STORAGE DOCUMENTATION

| DATE: *12/19/15* | TIME: *9:30 pm* |
|---|---|
| OFFENDER'S NAME: *Robert Clark* | DOC # *611786* |
| TRANSFERRED FROM: *Tiger 1 Left* | TO *Camp J Storage* |
| NUMBER OF LOCKERS STORED: *2 boxes* | TAMPER PROOF SEAL #: *118502/118507* |

FOR OFFENDER'S SIGNATURE:
I, the undersigned, hereby acknowledge that my personal property has been placed in my locker and that the locker has been sealed with a tamper proof seal.

| OFFENDER'S SIGNATURE: | DATE: *12/19/15* | TIME: |
|---|---|---|

EMPLOYEE WITNESS

☐          OFFENDER REFUSED TO SIGN          ☐          OFFENDER NOT PRESENT TO SIGN

NOTE: If the offender refuses to sign or the offender is not present to sign, the placement of the tamper proof seal on the locker must be witnessed by two employees and their signatures must be noted below.

We, the undersigned, hereby acknowledge that the above named offender's personal property was secured in the locker, sealed with a tamper proof seal and placed in storage.

EMPLOYEES: _____    DATE: _____

_____    TIME: _____

| PROPERTY WAS PLACED IN STORAGE AT: | |
|---|---|
| PROPERTY WAS RECEIVED BY: | |
| DATE AND TIME RECEIVED: | Date:                    Time: |

I, the undersigned, hereby acknowledge receipt of my property and acknowledge that the tamper proof seal which was placed on my property at the time of storage was intact and had not been broken at the time the property was returned to me.

RECEIVED BY: X *Robert Clark*
OFFENDER'S SIGNATURE DATE

DELIVERED BY: *_____*          *2-16-16*
EMPLOYEE                              DATE

Offender's Keep on Person (KOP) medication has been sent to the Pill Officer of the area to which the offender has been assigned.

Supervisor's Signature

NOTE: If the seal is broken, damaged or there is alleged missing property, the Security Officer returning the property to the offender will document this on this form and will complete an Unusual Occurrence Report documenting the incident and listing the items which the offender claims are missing.

ORIGINAL:    Offender Records
cc:             Unit Property Room
               Offender

CASE NUMBER: LSP-2016-0845

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO: <u>CLARK, ROBERT 611786</u>          <u>TU UPPER C</u>
                                          Living Quarters

Response to request dated , received in this office on 03/15/2016

This request for remedy was received, logged, and set aside until today because you had other requests in the system at the time it was received. Your request for remedy was handled in this manner pursuant to the Administrative Remedy Procedure.

In your letter of complaint dated March 9, 2016, while housed at Camp C, you state you were forced to live in Administrative Segregation from December 15, 2015, to February 16, 2016. Institutional records reflect you were placed in Administrative Segregation because of your own actions. You appeared before the Disciplinary Board on December 21, 2015, where you plead guilty, and were sentenced to quarters change to another extended lockdown unit. You remained in Administrative Segregation until a bed became available for you to transfer. No evidence is found to support your allegations. Your request for Administrative Remedy is denied.

Prepared by: _____
                  Tim DeLaney/AWII/adb

Approved by: _____
                  Chad Menzina/AWIII/tdb

_____
         4/21/16
         Date

_____
              Unit Head

<u>Instructions to Offender:</u> If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(✓) I am not satisfied with this response and wish to proceed to Step Two.

Reason:
*The complaint was not about me being placed in ad. seg. It was about the conditions of confinement while in ad seg which if alleged are unlawful. Step 1 failed to answer my complaint or satisfy my requested relief.*

_____
    April 27, 2016
         /Date

_____
    Robert Clark    Co11786
    Offender's Signature    DOC#

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2016 -2396

TO:   ROBERT CLARK 611786                    CBD U/L
      Offender's Name and Number             Living Quarters


            8/1/16-8/15/16
            Date of Incident


X              ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
               issued within 40 days of this date.

               REJECTED:  Your request has been  rejected for the following reason(s):



_____09/02/2016_____                    _____Trish Foster_____
         Date                                Warden's Signature or Designee

0706
CAMPD

RECEIVED
AUG 2 2 2016
WARDEN'S OFFICE

*Administrative Remedy Procedure*

From: Robert Clark                          No.: 611786
Housing: Main Prison CBD D/R 1              Date: Aug 21, 2016

RECEIVED
AUG 2 2 2016

RE: *Voyerism Complaint*

Dear Warden

    I am a transgender inmate who has made LEGAL PROGRAMS DEPARTMENT known my desire to shower and restroom in private. The PREA law and D.O.C. adopted policies both state that voyerism (filming someone while nude, showering, using the restroom, or other such acts) is illegal.

    There are cameras in the shower and toiletry areas in the dormatories. While housed at Camp D Eagle 1 dorm from Aug 1, 2016 through Aug 15, 2016 I was filmed and observed by unknown personel while I showered each day.

    On August 15, 2016, I had consensual sex with an inmate in Eagle 1 shower area and was viewed by (3) three officers (Lt. Col. Rheams, Cpt La Combe, and Lt. Jones) and (1) one inmate on camera. Since, I have been harrassed, and verbally assaulted pertaining to the videos.

    There is another video camera in the room which shows the video monitors and this will prove that all four alleged people were in the video room viewing the camera on the 15th. I feel violated. Said acts are against my U.S. and State Const. rights.

*Requested Relief*

1) There is only 30 days to review the camera footage so I ask that an investigation be prompt to preserve evidence (camera

footage). Louisiana has a **NO** TOLERANCE policy for sexual abuse/assault violations;

2) I request that cameras be taken out of the shower and toilet areas;

3) I request I be given population status back;

4) 14,000,000⁰⁰ for the 14 days I was viewed unlawfully in the shower and recorded;

5) 10,000,000⁰⁰ for recording me having sex, allowing an inmate to view the footage or be in the video room to view it live;

6) 10,000,000⁰⁰ punitive damages for all acts alleged herein

7) I request to be assigned a Victims Advocate for concerns herein.

Respectfully,
Robert Clark

ARP Filed Aug 21, 2016
Page 2 of 2

## LOUISIANA STATE PENITENTIARY
## ANGOLA, LOUISIANA

RE: Offender Name & Number: _Robert Clark    611786_

ARP Number: _LSP-2016- 2396_

I am voluntarily requesting to withdraw the above reference request for remedy.  I no longer wish to pursue this matter through the Administrative Remedy Procedure.  I voluntarily make this request of my own free will, without coercion and without promise of reward.

_Robert Clark_
Offender's Signature

_611786_
Offender DOC Number

WITNESS: _Gary Pramaggiore_

DATE: _9/15/16_

WITNESS: _Maj Vaul_

DATE: _9-15-16_


Legible Thumbprint

INSTRUCTIONS:

Please have the Offender sign and Thumbprint this form with 2 Supervisor's signatures.

***ALL INCORRECT FORMS WILL BE RETURNED TO THE WARDEN OF THAT AREA**

Robert Clark
#611786
LSP- 2016- 2396

RECEIVED

SEP 2 0 2016

Legal Programs Department

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2016 -2396

TO:  ROBERT CLARK 611786                    CBD U/L
        Offender's Name and Number              Living Quarters


                8/1/16-8/15/16
                Date of Incident


X                    ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                     issued within 40 days of this date.

                     REJECTED:  Your request has been  rejected for the following reason(s):



_____09/02/2016_____                    _____Trish Foster_____
            Date                                    Warden's Signature or Designee

0706
CAMPT

RECEIVED
AUG 22 2016
WARDEN'S OFFICE

*Administative Remedy Procedure*

From: Robert Clark                    No.: 611786
Housing: Main Prison CBD%1        Date: Aug 21, 2016

RECEIVED

AUG 22 2016

LEGAL PROGRAMS DEPARTMENT

RE: Voyerism Complaint

Dear Warden
          I am a transgender inmate who has
known my desire to shower and restroom in private. The PREA
law and D.O.C. adopted policies both state that
voyerism (filming someone while nude, showering, using the
restroom, or other such acts) is illegal.
          There are cameras in the shower and toiletry
areas in the dormatories. While housed at Camp D
Eagle 1 dorm from Aug 1, 2016 through Aug 15, 2016 I
was filmed and observed by unknown personel while I
showered each day.
          On August 15, 2016, I had consensual sex with
an inmate in Eagle 1 shower area and was viewed by
(3) three officers (Lt. Col. Rheams, Cpt La Combe, and Lt. Jones)
and (1) one inmate on camera. Since, I have been
harrassed, and verbally assaulted pertaining to the videos.
          There is another video camera in the room which
shows the video monitors and this will prove that
all four alleged people were in the video room viewing
the camera on the 15th. I feel violated. Said acts are
against my U.S. and State Const. rights.

                    Requested Relief
1) There is only 30 days to review the camera footage so I ask
that an investigation be prompt to preserve evidence (camera

footage). Louisiana has a *NO*. TOLERANCE policy
for sexual abuse/assault violations;

2) I request that cameras be taken out of the
shower and toilet areas;

3) I request I be given population status back,

4) 14,000,000⁰⁰ for the 19 days I was viewed unlawfully
in the shower and recorded;

5) 10,000,000⁰⁰ for recording me having sex, allowing
an inmate to view the footage or be in the
video room to view it live;

6) 10,000,000⁰⁰ punitive damages for all acts
alleged herein

7) I request to be assigned a Victims Advocate
for concerns herein.

Respectfully

x Robert Clark

ARP Filed Aug 21, 2016
Page 2 of 2

## LOUISIANA STATE PENITENTIARY
## ANGOLA, LOUISIANA

RE: Offender Name & Number: _Robert Clark   611786_

ARP Number: _LSP-2016- 2396_

I am voluntarily requesting to withdraw the above reference request for remedy. I no longer wish to pursue this matter through the Administrative Remedy Procedure. I voluntarily make this request of my own free will, without coercion and without promise of reward.

_Robert Clark_
Offender's Signature

_611786_
Offender DOC Number

WITNESS: _____

DATE: _9/15/16_

WITNESS: _____

DATE: _9-15-16_


Legible Thumbprint

INSTRUCTIONS:

Please have the Offender sign and Thumbprint this form with 2 Supervisor's signatures.

***ALL INCORRECT FORMS WILL BE RETURNED TO THE WARDEN OF THAT AREA**

Robert Clark
#611786
LSP-2016-2396

**RECEIVED**

SEP 2 0 2016

Legal Programs Department

LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA

INMATE:   611786 ROBERT CLARK

LOCATION:  D RAV 4/R

### ACKNOWLEDGMENT OF RECEIPT OF SECOND STEP RESPONSE

This will acknowledge receipt of the SECOND STEP response
(SECRETARY'S RESPONSE) OF ARP #LSP-2015-3595 .

RECEIVED BY

DATE RECEIVED:

DELIVERED BY:

=================================================================
PLEASE READ THE FOLLOWING
INSTRUCTIONS TO DELIVERY OFFICER:

1.   Have the inmate sign and date the second step portion of
     the BROWN ENVELOPE MARKED WITH *** acknowledging receipt of the
     second step response.
     **PLEASE HAVE BOTH AREAS WITH THE *** SIGNED BEFORE YOU RETURN TO LEGAL.**

2.   Have the inmate sign BOTH AREAS OF this receipt.

3.   Delivery Officer MUST sign receipt and date it.

4.   Give the inmate the contents of the envelope.

5.   Return the BROWN envelope and the receipt to LEGAL PROGRAMS DEPARTMENT


DUE BACK DATE

JUL 28 2016


**RECEIVED**

JUL 28 2016

LEGAL PROGRAMS DEPARTMENT

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2015-3595

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO: <u>CLARK, ROBERT    611786</u>                    <u>LSP</u>
    Offender Name and Number                    Living Unit

Response to Request Dated 05/26/2016, Received in this Office on 07/06/2016:

Your request for an administrative review of ARP# LSP-2015-3595 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.  Your allegations have been considered.  You claim that LSP Posted Policy #007 and #030 are unconstitutional and unlawful. First and foremost it is to be noted that La. R.S. 36:403 and La. R.S. 36:404 states in part that the Secretary of Public Safety and Corrections determines the policies of the Department and may alter, make, amend and promulgate rules and regulations necessary for the administration of the functions of the department.  With that being stated, on 4/19/13 the Secretary of Public Safety and Corrections promulgated Department Regulation No. C-02-007; Offender Drug and Alcohol Testing Program which states in part:  1) An incarcerated offender who is found guilty by the Disciplinary Board of violating Disciplinary Rule No. 1 Contraband (Schedule B) will be sanctioned in accordance with the Disciplinary Rules and Procedures for Adult Offenders;  2) A finding of guilt by the Disciplinary Board for a Contraband rule violation that resulted from a positive drug screen, a positive breathalyzer test, possession of illegal drugs or alcohol, or who refused to submit to a drug or alcohol test will result in monthly drug or alcohol testing, at the incarcerated offender's expense, for six months. Monthly drug/alcohol testing is not a disciplinary penalty;  3) Restitution in the amount of the actual cost of the drug test will be obtained from the incarcerated offender's account when the test results are positive and after a finding of guilt by a Disciplinary Board following a full due process hearing.  Restitution is not a disciplinary penalty; and 4) Non-contact visitation for six months for incarcerated offenders who have been found guilty of drug related disciplinary charges including, but not limited to, contraband for possession of drugs and/or who have had a positive drug screen or a positive breathalyzer test, or who have refused to submit to a drug screen.  Removal of visitation privileges is not a disciplinary penalty.  On 9/20/15 the Secretary also promulgated Department Regulation No. C-02-008; Offender Visitation which states in part: Visitation is a privilege and not a right.  Violation of rules may result in termination of the visit, loss of the offender's visiting privileges, banning of the visitor from entering the institution or its grounds and/or criminal charges as circumstances warrant;  A. Non-Contact Visits:  1) Offenders who are housed in administrative segregation or disciplinary units shall be placed on non-contact visitation status if physical plant space is available; 2) Any offender who pleads guilty or has been found guilty of a Schedule B Disciplinary Rule violation for one or more of the following reasons shall be subject to non-contact visits for a minimum of six months:  Possession of any drug or drug paraphernalia; Producing a positive or adulterated urine sample; Refusal or substantial delay to provide a urine sample; Introduction of contraband into the institution; Positive breathalyzer test; Repeated (defined as more than two in a two year time period) violations of Disciplinary Rule No. 21; or Any major rule violation that occurs in the visitation area; 3) Such restriction must be formally reviewed by an appropriate Board at a minimum of every six months; 4) Restriction of contact visiting is not a disciplinary penalty; B. Suspension of an Offender's Visiting Privileges (No Visiting):  1) Any offender who pleads guilty or has been found guilty of a contraband charge (as defined in Section 6.C. of this regulation) for the first time shall have all visiting privileges suspended for a maximum of six months, excluding approved clergy, attorney visits and special visits; 2) Any offender who pleads guilty or has been found guilty of a contraband charge within the past five years (as defined in Section 6.C. of this regulation) for a subsequent offense shall have all visiting privileges suspended for a maximum of one year, excluding approved clergy, attorney visits and special visits; 3) Suspended visiting privileges cannot consist of more than two simultaneous suspensions (i.e., the original suspension and any subsequent suspension); 4) At the end of the suspension, the offender shall submit to the Warden or designee a written request to have visitation reinstated and shall also submit a new Request for Changes to Approved Visiting List (Form C-02-008-D); 5) A review of the circumstances of the applicable contraband UOR(s) and the offender's current conduct record shall be conducted by an appropriate Board at a minimum of every six months; and 6) Restriction of no visiting is not a disciplinary penalty.  Both of these Regulations were distributed to the Department of Corrections institutions so the Warden/Unit Head at each institution could ensure that the appropriate unit written



policy and procedures were put in place to comply with the provisions of these Regulations and for conveying its content to all offenders, affected employees and visitors. Therefore, Posted Policy #007 and #030 were composed at the Louisiana State Penitentiary by the Warden/Unit Head and submitted to the Secretary of Public Safety and Corrections for approval. Posted Policy #007 was approved on 5/26/16 by the Secretary's designee (person selected or designated to carry out a duty or role) and on 5/11/16 Posted Policy #030 was approved by the Secretary's designee. There is nothing else that can be added to make this issue any clearer. Your request for relief is denied.

_____
Date

_____
Secretary's Signature or His Designee

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER:  LSP-2017-0915

SECOND STEP RESPONSE FORM
(HEADQUARTERS)

TO:  CLARK, ROBERT    611786                          LSP
     Offender Name and Number                    Living Unit

Response to Request Dated 06/01/2017, Received in this Office on 06/14/2017:

Your request for an administrative review of ARP# LSP-2017-0915 has been received.  A qualified member of the Headquarters staff has reviewed your request in order to render a fair and impartial response.

Your allegations have been considered.  Department Regulation No. B-09-003 states in part, "in cases where the offender has an outstanding debt balance, and is currently in an indigent status, 50% of the deposit received shall be posted to the offender's drawing account and 50% shall be posted to the offender's reserve account...All or part of the offender's drawing, reserve or savings account may, upon written request of the offender, or upon order of a court, be expended for payment of court costs in a matter in which the offender is a party.  Deductions made from each account should be in accordance with La. R.S. 15:874(7).  All funds collected shall be forwarded to the court assessing the cost."  The response provided is clear and concise, as well as has addressed your request appropriately.  In your request to proceed to step two, you claim you did not receive the print-out that was noted as being attached to the first step response which shows the deposits made and deducted from your accounts.  A copy of this print out is enclosed with your second step response.  No further investigation is warranted.

Therefore, your request for relief is denied.

_____7/31/17_____                    _____
        Date                            Secretary's Signature or His Designee

8/14

Due Back  8/17/17

LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA

INMATE:   611786 ROBERT CLARK

LOCATION:   D RAV 1/L

## ACKNOWLEDGMENT OF RECEIPT OF SECOND STEP RESPONSE

This will acknowledge receipt of the SECOND STEP response
(SECRETARY'S RESPONSE) OF ARP #LSP-2017-0915 .

RECEIVED BY: _Robert Clark_____

DATE RECEIVED: ___8-17-17_____

DELIVERED BY: _Msgt Freda Lee_____

===========================================================
PLEASE READ THE FOLLOWING
INSTRUCTIONS TO DELIVERY OFFICER:

1.   Have the inmate sign and date the second step portion of
     the BROWN ENVELOPE MARKED WITH *** acknowledging receipt of the
     second step response.
     **PLEASE HAVE BOTH AREAS WITH THE *** SIGNED BEFORE YOU RETURN TO LEGAL.**

2.   Have the inmate sign BOTH AREAS OF this receipt.

3.   Delivery Officer MUST sign receipt and date it.

4.   Give the inmate the contents of the envelope.

5.   Return the BROWN envelope and the receipt to LEGAL PROGRAMS DEPARTMENT

## RECEIVED

AUG 2 2 2017

LEGAL PROGRAMS DEPARTMENT

DUE BACK DATE

AUG 17 2017

 8\14

12 R

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

ARP NUMBER:  LSP - 2017 - 0915

RE:  ROBERT CLARK      611786

LOCATION: _____ Jcuda 1/k _____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST
FOR REMEDY NUMBER LSP-2017-0915.

RECEIVED BY: _____ Robert Clark 611786 _____
                    (INMATE'S NAME & NUMBER)

DATE RECEIVED: _6-1-17_____

DELIVERED BY: _Sgt W Jones 238574_____

===============================================================================

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the reciept and dates it.

3.    Give the Inmate the Manila Envelope and contents.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.

**RECEIVED**

JUN 06 2017

LEGAL PROGRAMS DEPARTMENT

**DUE BACK DATE**

JUN 05 2017

5/31

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
### OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2017 -0915

TO: <u>ROBERT CLARK 611786</u>             <u>J CUDA 1/R</u>
      Offender's Name and Number        Living Quarters


<u>4/18/2017</u>
Date of Incident


X          ACCEPTED:  This request comes to you from the Wardens Office.  A response will be issued within 40 days of this date.

          REJECTED:  Your request has been  rejected for the following reason(s):


<u>05/11/2017</u>                    Trish Foster
Date                         Warden's Signature or Designee

1204
Banking

2017-0915

Administrative Remedy Procedure

**RECEIVED**

APR 19 2017

LEGAL PROGRAMS DEPARTMENT

From: Robert Clark          D.O.C. No.: 611786

Housing: Camp J Cuda 1/k 12     Date: April 18, 2017

**RECEIVED**

APR 20 2017

WARDEN'S OFFICE

Dear Warden:
        Over the past two months, I recieved one money reciept from J Pay for ($40.00) forty forty dollars and another for ($60.00) sixty dollars. Both times half of the money was taken out for other fees.
        Only (20%) twenty percent from each transaction was spose to be taken. That for legal fees. 20% of $40.00 is ($8.00) eight dollars. 20% of $60.00 is ($12.00) twelve dollars. Acordingly only $20.00 was spose to be taken all together. Instead ($50.00) fifty dollars was taken. This is wrong. Please put my remaining ($30.00) thirty dollars back in my account.

                    Relief Requested
1) Please give me my 30.00 back;
2) Please in the future only withdraw 20% of each monetary deposit from my account.

                        Respectfully
                        x Robert Clark

CASE NUMBER:  LSP-2017-0915

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  <u>CLARK, ROBERT 611786</u>                       <u>J CUDA 1/R</u>
                                                                Living Quarters


Response to request dated , received in this office on 04/19/2017

I have received and reviewed your request for remedy regarding your account.  The deposits that posted to your account in your complaint were split between your drawing and reserve account because you owed debts. You are correct it deducts 20% to pay on your court orders  but you also had other debts at the time.  Attached is the printout that shows the deposits and what was deducted from each.  You still owe a debt of $458.71 as of this date and not all is a court order.

Your request for remedy is denied.

Prepared by:

Approved by :

_____
            Date                                                      _____
                                                                                   Unit Head

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( )  I am not satisfied with this response and wish to proceed to Step Two.

Reason:

_____
_____
_____
_____

_____                          _____
            Date                                                      Offender's Signature    DOC#

```
line 1          fmt 0 rl       shft     hld chrs    hld ln     (-1)RESULT
.DATE
.
                                                                        E000650
* LSP    .TRANSM. TRANSM .T.  AMOUNT  .  AMOUNT .                      . POST .
*NUMBER.NUMBER.   DATE   .Y. DEPOSIT .WITHDRAWL. TRANSACTION DESCRIPTION . DATE .
*======.=======.========.=.=========.=========.===========================.======.=
 611786 0G63AE 03/10/17 D              8.00 51COCOURT ORDER             170310
 611786 0G63AE 03/10/17 D              0.47 51PSPOSTAGE                 170310
 611786 0G63AE 03/10/17 D              1.78 51PSPOSTAGE                 170310
 611786 0G63AE 03/10/17 D              1.57 51PSPOSTAGE                 170310
 611786 0G63AE 03/10/17 D              5.40 51RTRESTITUTION             170310
 611786 0G63AE 03/10/17 D              2.78 51MCMEDICAL CO-PAY          170310
 611786 J067DP 03/08/17 D   20.00           67ROBERT CLARK             170310 0
 611786 J067DP 03/08/17 R   20.00           67ROBERT CLARK             170310 0
 611786 0I01AE 04/10/17 D             12.00 51COCOURT ORDER            170410
 611786 0I01AE 04/10/17 D              3.22 51MCMEDICAL CO-PAY          170410
 611786 0I01AE 04/10/17 D              6.00 51MCMEDICAL CO-PAY          170410
 611786 0I01AE 04/10/17 D              0.94 51ISIND STAMPS             170410
 611786 0I01AE 04/10/17 D              0.93 51ILIND LEGAL SUPP         170410
 611786 0I01AE 04/10/17 D              0.94 51ISIND STAMPS             170410
 611786 0I01AE 04/10/17 D              0.93 51ILIND LEGAL SUPP         170410
 611786 0I02AE 04/10/17 D              0.47 51PSPOSTAGE                 170410
 611786 0I02AE 04/10/17 D              0.94 51ISIND STAMPS             170410
 611786 0I02AE 04/10/17 D              0.93 51ILIND LEGAL SUPP         170410
```

```
line 24      fmt 0 rl -      shft      hld chrs     hld ln      (-1)RESULT
 611786 0I02AE 04/10/17 D                   0.93 51ILIND LEGAL SUPP          170410
 611786 0I02AE 04/10/17 D                   1.77 51MCMEDICAL CO-PAY          170410
 611786 J096DP 04/06/17 D      30.00             67ROBERT CLARK             170410 0
 611786 J096DP 04/06/17 R      30.00         .   67ROBERT CLARK             170410 0
                   ..... END REPORT .....
```

```
DATE: 05/12/17              DPS&C CORRECTIONS SERVICES                IINQDEBT
TIME: 07:45         INMATE BANKING - DEBT ACCOUNT SUMMARY    SCREEN 1   OF   7

NAME:   CLARK, ROBERT L              B/M   LSP NUMBER:    00611786
LVQR:   0195-J CUDA 1/R              WORK:   1P6L-
MASTER ACCOUNT STATUS:    ACTIVE

     ACCT AC    DATE                     PAYEE   A TOTAL DEBT REMAINING  P
     NUMB TY RECEIVED   PAYEE NAME        CODE   F   AMOUNT  DEBT OWED   A
     ==== == ======== ================== ======== = ========== ========== =
  _  0052 IL 20170130 LSP GENERAL FUND   00999051          0.93       0.93
  _  0051 IS 20170130 LSP GENERAL FUND   00999051          0.94       0.94
  _  0050 IL 20170123 LSP GENERAL FUND   00999051          0.93       0.93
  _  0049 IS 20170123 LSP GENERAL FUND   00999051          0.94       0.94
  _  0048 IL 20170117 LSP GENERAL FUND   00999051          0.93       0.93
  _  0047 IS 20170117 LSP GENERAL FUND   00999051          0.94       0.94
  _  0046 IL 20170109 LSP GENERAL FUND   00999051          0.93       0.93
  _  0045 IS 20170109 LSP GENERAL FUND   00999051          0.94       0.94

      TOTAL DEBT:   $    604.41           TOTAL OWED:   $    458.71

   F2=MENU   F3=ROLL BACKWARD   F4=ROLL FORWARD    F5=CANSTD  F6=PREVIOUS SCREEN
          TAB TO THE APPROPRIATE LINE AND XMIT TO    DISPLAY   DEBT RECORD
```

CASE NUMBER:  LSP-2017-0915

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  <u>CLARK, ROBERT 611786</u>

<u>J CUDA 1/R</u>
Living Quarters

Response to request dated , received in this office on 04/19/2017

I have received and reviewed your request for remedy regarding your account.  The deposits that posted
to your account in your complaint were split between your drawing and reserve account because you
owed debts. You are correct it deducts 20% to pay on your court orders  but you also had other debts at
the time. Attached is the printout that shows the deposits and what was deducted from each. You still
owe a debt of $458.71 as of this date and not all is a court order.

Your request for remedy is denied.

Prepared by: _____

Approved by : _____

_____
Date

_____
Unit Head

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking
below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of
this decision.

( )  I am not satisfied with this response and wish to proceed to Step Two.

Reason: "The attachment" is not enclosed. Please send the attachment"
and then let me decide if my step 1 is correct or not.

_____
6 - 1 - 17
Date

_____
Robert Clark 611786
Offender's Signature    DOC#

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2017 -2512

TO:   ROBERT CLARK 611786                    D HWK 1/R
         Offender's Name and Number              Living Quarters


                    11-17-2017
                Date of Incident


X                    ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                     issued within 40 days of this date.

                     REJECTED:  Your request has been  rejected for the following reason(s):




        12/01/2017                                          Nyesha Kelly
             Date                                    Warden's Signature or Designee

11a1
O/CLASS

2017-3518

Administrative Review Procedure (ARP) **RECEIVED**

NOV 21 2017

LEGAL PROGRAMS DEPARTMENT

DATE: November 17, 2017

From: Robert Clark          DOC#: 611786
Housing: Camp D Raven ½ 7 (L.S.P.)

RE: <u>Denial of due process (ie. Officials refuse</u>
<u>to give written response to official request</u>
<u>pertaining to Protection Concern List (PCL))</u>

Dear Warden

Several times I have submitted to classification a request to have inmates removed from my protection concern list (PCL). I have also personally spoke with Mr Bradford requesting a written response to the written request I gave him, Lt Col Smith, and mailed to the warden. An official document is sposed to be responded to within a reasonable amount of time (example: ten working days). If there is no formal denial, then it is to be assumed denied yet without a written responce I am unable to appeal the denial because the reason for the denial is unknown.

Mr Bradford personally told me he would automatically deny anyone who is on my PCL due to a sex offense. This is a denial of due process. Its a arbitrary and capricious decision made with out facts or based

on an investigation into an actual protection concern. If reviewers go no further than to see two people were involved in a sex offense for a denial of removing some one from a PCL then that is a denial of due process.

The Prison Rape Elimination Act (PREA) 28 C.F.R. Part 115 revised May 17, 2012 states in pertinent part:

"§ 115.78 Disciplinary sanctions for inmates.

(g) An agency may in its discretion, prohibit all sexual activity between inmates and may discipline inmates for such activity. <u>An agency may not, however, deem such activity to constitute sexual abuse</u> if it determines that the activity is not coerced."

Mr Bradford considers any sex offence "sexual abuse" reguardless of whether or not there is a determination that the activity is coerced. No one else has considered my request to have people removed from my PCL period. This is a violation of due process.

<u>Requested Relief:</u>    I request to have EVERY person on my PCL removed or given a reason why this is not acceptable. I futher request training of officers to ensure this form of reaction to this portion of official scrutiny not be continued in an arbitrary and capricious manner.

Respectfully,

Robert Clark
Robert Clark

# LOUISIANA STATE PENITENTIARY
# ANGOLA, LOUISIANA

RE: Offender Name & Number: *Robert Clark #611786*

ARP Number: *LSP-2017-2512*

I am voluntarily requesting to withdraw the above reference request for remedy. I no longer wish to pursue this matter through the Administrative Remedy Procedure. I voluntarily make this request of my own free will, without coercion and without promise of reward.

*Robert Clark*
_____
Offender's Signature

*611786*
_____
Offender DOC Number

WITNESS: _____

DATE: *12-21-17*

WITNESS: _____

DATE: *12-21-17*


Legible Thumbprint

**RECEIVED**

JAN 0 3 2018

LEGAL PROGRAMS DEPARTMENT

INSTRUCTIONS:

Please have the Offender sign and Thumbprint this form with 2 Supervisor's signatures.

**\*\*\*ALL INCORRECT FORMS WILL BE RETURNED TO THE WARDEN OF THAT AREA\*\***

# LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
## OFFENDERS RELIEF REQUEST FORM

### CASE NUMBER: LSP-2017 -2699

TO:  <u>ROBERT CLARK 611786</u>                    <u>D RAV 3/R</u>
      Offender's Name and Number                    Living Quarters


                     <u>12-17-2017</u>
                   Date of Incident


X               ACCEPTED:  This request comes to you from the Wardens Office.  A response will be issued within 40 days of this date.

               REJECTED:  Your request has been  rejected for the following reason(s):


<u>       03/05/2018       </u>            <u>       Nyesha Kelly       </u>
           Date                          Warden's Signature or Designee

# LSP
# Backlog Notification

TO: <u>CLARK, ROBERT 611786</u>                    <u>MP WEST/CB L/R</u>
      Offender Name and Number                    Living Unit

RE: LSP-2017-2699                              Received Date:  12/13/2017

The Administrative Remedy Procedure for adult inmates allows for the backlogging of multiple requests, therefore, your first request will be accepted and handled. The others will be logged and set aside for handling at such time as the current request in the system has been exhausted at the 2nd Step or your time limits have elapsed at Step 1.

You currently have an ARP(s) in the system. The ARP received today, Case Number LSP-2017-2699 will be processed following the above guidelines.  If you wish to have this ARP handled immediately, you may withdraw all pending ARPs.

2017-7699

Administrative Remedy Procedure    0103
                                    EMS

From: Robert Clark        # 611786
Housing: Main Prison CBB 4/R 8
Date: 12-7-17        Time: 4:36 AM

RECEIVED
BACKLOGGED ARP    DEC 1 3 2017
LEGAL PROGRAMS DEPARTMENT

RECEIVED
DEC 11 2017
WARDEN'S OFFICE

Dear Warden
        On 12-7-17 at approximately 4:35 AM I
spoke with an EMT pertaining to a Health Care Request
Form No. 008315. Upon receiving the Health Care Request
Form ("HCRF") the EMT, asked me what the problem
was. I responded that, "I wrote it on the HCRF."
and, that "It was private. and futherly asked him to
read it... He read it to himself...

        It stated: "I have what appears to be jock-
        itch. Please give me something for it. Also... I
        was scheduled to speak with Dr Lavespere pertaining
        to gender dysphoria. This was over 3 weeks ago.
        I still have not seen him. I need to bad."

        The EMT, whom had a 'Master Sergeants rank'
on his cap stated, "This second thing... how long ago
where you scheduled to see Dr Lavespere about gender
dysphoria?" . I responded, "(3) three weeks ago." The
EMT then stated, "And how long have you had jock itch?"
I responded that, "It began to hurt 3 days ago." He then
signed the HCRF, gave me a copy and smirked
                    page 1 of 3

as he handed me the pink copy and walked away. I asked his name and he asked "why?" I told him I planned to report his actions, and I couldn't read it through the copy. He ignored me and went to the time clock, signed it and left. (Pink Copy enclosed)

I have a State and United States Constitutional right as well as a common law right to privacy pertaining to my medical status and complaints and/or ailments. This EMT is not new to his job and he knows this yet he knowingly, intentionally and maliciously spoke out in a loud voice so that several other inmates could hear my medical complaints. He done this in a malicious and sadistic manner. He "intended" to embarrass me, and was satisfied when the tier walker began laughing and the offenders in other cells began to laugh. I don't think its funny at all. I think he should be fired because of his actions or at a minimal be given severe disciplinary sanctions including but not limited to a reduction in rank and pay, and I further believe he should be suspended without pay. He wore no name tag that was visible and refused to give his name when asked. This is also a violation.

Requested Relief:

1. I request an investigation be held and that the EMT complained of be identified.

page 2 of 3

Requested Relief Continued:

2. I request a lie detector test be given if any of the allegations in this ARP is contested.

3. I request the EMT complained of herein be fired — i.e. his job of employment terminated. In the event that he is not fired I request disciplinary action be taken and he be reduced in rank, I request his salary pay be reduced for One year by atleast (25%) twenty-five percent, and that he be suspended for six weeks without pay.

4. I request a formal apology.

5. I request that he be required to wear a visible name tag. — As well as all other officers. This is a part of their uniform and must be worn at all times while at work.

6. I request he be ~~reprimanded~~ instructed on how to properly and respectfully associate with offenders and reprimanded for his actions alleged here in.

7. I request $250⁰⁰ in compensational damages for the tort(s) and constitutional violations alleged here in.

8. I request $ 1,500⁰⁰ in punitive damages for the tort(s) and constitutional violations alleged here in.

9. I request not to be retaliated against for seeking legal redress, and that this ARP be processed, accepted, and filed into the record.

( Copies
( C.C. x 2 self )

Short discription of Mst. Sgt E.M.T.:

approx: 5ft 9in tall - Carcasion male.

name tag clipped to shirt backwards, & square top
baseball ~~cap~~ cap.          page 3 of 3

Respectfully Submitted

x Robert Clark

Robert Clark 611786
Main Aison CBB4/k 8
La State Pen
Angola, LA 70712

008315

**Form HC-01-A**
**14 September 2009**                    **Health Care Request Form**        **Institution:** _LSP_

| Robert Clark | 611786 | 39 | CUC4x8 | N/A |
|---|---|---|---|---|
| Name | DOC# | Age | Housing | Job Assignment: |

**OFFENDER TO COMPLETE THIS SECTION ONLY—COMPLAINT AND/OR REQUEST:** I have what appears to be jock itch. Please give me something for it. Also.... I was referred to speak with Dr. Lavespere pertaining to Gender Dysphoria. & this was over 3 weeks ago.... I still have not seen him. I need to bad.

**Health Care Personnel Screening:**  Date: _____  Time: _____  Location Seen: _____

(Circle One)   Emergency / Routine Sick Call / Work Related

**New Medications Ordered:**

_____

_____

_____ **Total #:** _____

**Screener's Signature:**

☐ No Fees  ☐ $3 Access Fee  ☐ $6 Access Fee  ☐ $2 for Each Prescription Fee: $_____  Total: $_____

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for routine requests for health care services, $6.00 for emergency requests and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation.  I am aware that if I declare myself a medical emergency and health care staff determine that an emergency does not exist, I may be subject to disciplinary action for malingering.

| Robert Clark | 611786 | 12/7/17 | |
|---|---|---|---|
| Offender's Signature | DOC# | Date | Witness Signature |

Original -  Offender's Medical Record        Yellow -  Business Office        Pink -  Offender's Copy

CASE NUMBER:  LSP-2017-2699

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  CLARK, ROBERT 611786                    D RAV 3/R
                                             Living Quarters

Response to request dated , received in this office on 12/13/2017

In response to ARP # 2017-2699, a review of your medical records was done. I find that you were seen by sickcall for your medical complaint, which was handled appropriately. Msgt. R. Kirby EMT denies your allegations, and you have failed to prove any wrong doing by any part of LSP's Medical staff. Your request for administrative remedy is denied.

Col. Darren Cashio NRP

Prepared by: _____

_____          _____
          4/14/18                              Joseph F.G. Lamartiniere
          Date                                      Deputy Warden

                                       _____
                                              Unit Head

Instructions to Offender:  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

( )  I am not satisfied with this response and wish to proceed to Step Two.

Reason: _____
_____
_____
_____
_____

_____          _____
          Date                          Offender's Signature    DOC#

04/08/2018

In response to ARP 2017-2699:


On 12/07/2017 at approximately 04:35 A.M., I, M.Sgt. Kirby, River J. went to CBB L/R to conduct routine sick call. While conducting routine sick call, I saw offender Robert Clark #611786 for complaints of jock itch and gender dysphoria. Offender Clark stated he had previously been seen for each of these complaints and had been given a tube of anti-fungal cream for his jock itch which he still had in his cell. Any and all questions I asked were a necessary part of my assessment and were in no way meant to embarrass offender Clark, nor were they ever meant to be heard by anyone but him. I always treat my patients with dignity and respect, and have never shown malice or contempt towards a patient for any reason.

In response to offender Clark stating in his ARP that I was not wearing a name tag and refused to identify myself, this is false. I always wear a name tag on my shirt or jacket and wear an ID card on a lanyard as they are required by policy to be worn with the uniform. This is for your information and further handling.


*M.Sgt. River Kirby EMS 577*

M.Sgt. Kirby, River J.

EMT #577

EMS/ D-Team

008315

**Form HC-01-A**
14 September 2009          Health Care Request Form          Institution: _LSP_

| Robert Clark | 611786 | 39 | CBB 4k8 | N/A |
|---|---|---|---|---|
| Name | DOC# | Age | Housing | Job Assignment: |

**OFFENDER TO COMPLETE THIS SECTION ONLY—COMPLAINT AND/OR REQUEST:** I have what appears to be juck itch. Please give me something for it. also... I was referred to speak with Dr. Lavespere pertaining to Gender Dysphoria. & this was over 3 weeks ago. I still have not seen him. I need too bad.

**Health Care Personnel Screening:** Date: 12/7/17    Time: 04:35    Location Seen: CBB

(Circle One) Emergency / Routine Sick Call / Work Related Allergies: NKDA

B/P 120/82   Pulse 86   Resp 18   Temp 98.3   Other _____

**Assessment/Comment:** pt found standing in his cell. pt c/o possible jock itch and gender dysphoria. upon exam or possible Jock itch, ⊕ redness, skin intact ⊖ drainage ⊖ active scratching. NADN, pt AOx4, pms intact, Remaining PE unremarkable.

**Disposition:**

S/C prn

**New Medications Ordered:**
Clotrimizole cream

Total #: 1

Screener's Signature: M.Sgt Rivers Ruby 557    EMT

**Health Care Practitioner Notes:**

S/C pr

HCP's Signature: _____   Date: 12/12/17

☐ No Fees  ☑ $3 Access Fee  ☐ $6 Access Fee  ☑ $2 for Each Prescription Fee: $ 2.00   Total: $ 5.00

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for routine requests for health care services, $6.00 for emergency requests and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referenced regulation. I am aware that if I declare myself a medical emergency and health care staff determine that an emergency does not exist, I may be subject to disciplinary action for malingering.

| Robert Clark | 611786 | 12/7/17 | M Sg... |
|---|---|---|---|
| Offender's Signature | DOC# | Date | Witness Signature |

Original - Offender's Medical Record        Yellow - Business Office        Pink - Offender's Copy

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

**ARP NUMBER:  LSP - 2017 - 2699**

RE:  ROBERT CLARK      611786

LOCATION: _____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST FOR REMEDY NUMBER LSP-2017-2699.

RECEIVED BY: _____
                    (INMATE'S NAME & NUMBER)

DATE RECEIVED: _____4 - 23 - 18_____

DELIVERED BY: _____

===============================================================

1.   Have the inmate sign this receipt.

2.   Delivery Officer signs the reciept and dates it.

3.   Give the Inmate the Manila Envelope and contents.

4.   Return the reciept to LEGAL PROGRAMS DEPARTMENT.

**RECEIVED**

APR 2 4 2018

LEGAL PROGRAMS DEPARTMENT

DUE BACK DATE

LOUISIANA STATE PENITENTIARY
ANGOLA, LOUISIANA

INMATE:   **611786 ROBERT CLARK**

LOCATION:   **DR/EXT E**


## ACKNOWLEDGMENT OF RECEIPT OF SECOND STEP RESPONSE


This will acknowledge receipt of the SECOND STEP response
(SECRETARY'S RESPONSE) OF ARP #LSP-2018-2345 .

RECEIVED BY: _____

DATE RECEIVED: _____

DELIVERED BY: _____

============================================================

PLEASE READ THE FOLLOWING
INSTRUCTIONS TO DELIVERY OFFICER:

1.   Have the inmate sign and date the second step portion of
     the BROWN ENVELOPE MARKED WITH *** acknowledging receipt of the
     second step response.
     **PLEASE HAVE BOTH AREAS WITH THE *** SIGNED BEFORE YOU RETURN TO LEGAL.**

2.   Have the inmate sign BOTH AREAS OF this receipt.

3.   Delivery Officer MUST sign receipt and date it.

4.   Give the inmate the contents of the envelope.

5.   Return the BROWN envelope and the receipt to LEGAL PROGRAMS DEPARTMENT



# RECEIVED

SEP 1 8 2019

**LEGAL** PROGRAMS DEPARTMENT


## DUE BACK DATE

SEP 1 6 2019



LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

CASE NUMBER: LSP-2018-2345

SECOND STEP RESPONSE FORM
(HEADQUARTERS)


TO: <u>CLARK, ROBERT   611786</u>                          <u>LSP</u>
     Offender Name and Number                          Living Unit


Response to Request Dated , Received in this Office on :

AMENDED RESPONSE

Your request for an Administrative review of ARP #LSP-2018-2345 had been received and remanded for further review.  We are now in receipt of the institution's additional documentation and amended response.

The institution's amended response provided is clear and concise, as well as has addressed your request appropriately.  Your medical concerns were addressed in an appropriate manner and in accordance with DOC Health Care Policy.  Medical opinion is controlling.  The care you have received as well as the care you will continue to receive from the medical staff is determined adequate for your health care concerns.  Lastly, in your grievance you make additional allegations where you did not provide any information/evidence (such as, date(s), time(s), place(s), name(s), etc.) to support said allegations; therefore, these claims cannot be addressed.  No further investigation is warranted.

Your request for relief is denied.


_____          _____
            Date                                Secretary's Signature or His Designee

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2019 -0462

TO:  ROBERT CLARK  611786                    DR/EXT E
        Offender's Name and Number              Living Quarters

                          1/21/18
                    Date of Incident

                    ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                    issued within 40 days of this date.

X                   REJECTED:  Your request has been  rejected for the following reason(s):
                            THE DATE OF INCIDENT IS MORE THAN 90 DAYS PAST DUE SO
                    THEREFORE YOUR ARP IS BEING REJECTED DUE TO IT BEING UNTIMELY FILED.
                    ARP'S MUST BE FILED WITHIN 90 DAYS OF THE INCIDENT.

          04/10/2019                                    Nyesha Davis
              Date                          Warden's Signature or Designee

To:   Darryl Vannoy, Warden
      La. State Prison
      Angola, La. 70712
      Attn: Records Department

**RECEIVED**

FEB 0 1 2019

LEGAL PROGRAMS DEPARTMENT



From: Robert Clark
      DOC#611786
      La. State Prison
      Angola, La.70712

Date Filed:    November 14, 2018

### THIS IS A REQUEST FOR ADMINISTRATION REMEDY PROCEDURE

Dear Warden:

On January 11, 2018, I was taken from general population because inmates had stolen some of my property. As a result, I was placed in the working cell-blocks. (a punishment).

On January 21, 2018, I was sent to the Main Prison Working Cell-Block C. On January 25, 2018, I purchased several items from the canteen. On January 28, 2018, I asked the officer working the tier I was on at 5:30 a.m., if I could use the phone to call crime stoppers hotline. He allowed me to do such. The first call I made the recipient of the call told me that was not the number for a complaint of extortion, and hung up the phone. I called back and asked to speak to her supervisor and as I was explaining how inmates had taken all of the canteen I had recently purchased and my fears, another inmate hung the phone up on me telling me to stop ratting. A Captain came to the tier I was housed on and asked me what the problem was. I told him someone had taken all of my canteen and I was being threatened for continued extortion and rape. He alleged the only place he could put me was the dungeon. (Administration Segregation). "I didn't care if I was sent to the moon," I told him, "just please move me." I was placed in administration segregation and written a disciplinary for refusing housing. I was later found guilty and given disciplinary restrictions.

In March, 2018, my cell mate threaten to stab me if I didn't move of the cell. I asked the offer to move me and he said, "No." I asked to use the phone and was allowed to. I called my cousin Tamecia LaFollette and told her I was scared to go back into the cell and why. She called the prison and a Captain came and told me to pack my property. Later the officer working the tier lied on me in a disciplinary report saying I pushed my property out of my assigned cell and said, "fuck you, I ain't going back in there." I was found guilty of the disciplinary and punished again for seeking help.

On Aug 19, 2018, Inmate Dolan Franklin threatened to rape me. Alleged discontent because I continuously asked officers to allow me to shower alone

Which disrupted prisoners routine. I packed my property and attempted to move which I told the Lt. On shift I was being threatened by an inmate for exercising my right to shower alone and that I had been raped before and I also did not want to shower in front of a camera anymore. I told her I felt humiliated and raped each time I showered under camera and requested help. The Lt. Called some who told her there was not room in the dungeon and to send me back to my dorm. Captain Spurlock later came and cleaned the shower so I could shower. I felt ashamed, dirty, abused and humiliated. I was asked which inmate(s) were threatening me but refused to be an informant. Soon after, inmate Dolon Franklin woke me up out of my sleep and continued threatening me. He is know using knives and other objects in altercations. Out of fear, because he had kept reaching in his locker as he told me to go dosh so he fuck me, I attacked him. This lead to his death although I was clearly only trying to disable him from hurting me. Again, I was punished.

In October, 2018, a phone was found in my cell. It belong to another inmate I asked for protection or to be moved cause the inmate was angry I was caught with it and demanded payment. I had no money and refused so he threatened to boil substances in the microwave and throw it on me in my cell. I wrote an emergency ARP and gave it to Colonel Smith. He ignored it, I spoke with Capt. Murray and hid under my table as they let the inmate on the hallway for recreation . I complained to Sgt. Woods and the next day to Capt. Dupont. He told me he had been briefed of the subject and "there would be no checking out." As a result, I threw milk on him and the tier walker to force them to move. I was gassed and then moved, until the guy they knew was threatening me was moved to D-Tier. The entire time I was on house restrictions, and on November 13th given 18 weeks yard restriction as punishment.

In each occasion officers failed to protect me from inmates and/or other officers. (Officers include, doctors, psychiatrist, social workers, etc.) Those officers each follow an unwritten 'no harm, no foul' policy and it should be stopped. Further, stalls and/or privacy curtains should be placed in all shower and toiled areas to prevent harassment, and the continued denial of personal privacy and dignity to one and all offenders.

<u>Resolution Requested</u>

I request stalls and/or privacy curtains be placed in showers and toilet areas;

I request that if I (or anyone) seeks help, that I not be punished for it and that I be place in a safe environment until an investigation is completed and without evidence showing my claims are fraud that I be helped;

I request the no harm, no foul practice be stopped;

I request confidentiality in his matter;

I request an investigation be held pertaining to the allegations alleged herein and proper actions be taken there after;

I request punitive and compensational damages as is proper.

Respectfully

Robert Clark

Robert Clark
#611786
General Delivery
La State Pen
Angola, LA 70712

Date 1/23/19

Dear Recipient:

Step 1 personel refused to answer this arp and I wish to appeal their denial for failure to answer.

Robert Clark

LOUISIANA STATE PENITENTIARY                    4/10/19

ANGOLA, LOUISIANA                                  (R)

ARP NUMBER:  LSP - 2019 - 0462

RE:  ROBERT CLARK     611786

LOCATION:     (DR/EXT E)

I HEREBY ACKNOWLEDGE RECEIPT OF FORM ARP-1 REGARDING REQUEST FOR REMEDY
NUMBER LSP-**2019**-0462

RECEIVED BY:  _____
                        (INMATE'S NAME & NUMBER)

DATE RECEIVED:  _____

DELIVERED BY:  _____

================================================================
INSTRUCTION TO DELIVERY OFFICER:

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the receipt and dates it.

3.    Give the inmate the White envelope.

4.    Return the reciept to LEGAL PROGRAMS DEPARTMENT.

# RECEIVED

APR 1 5 2019

**LEGAL** PROGRAMS DEPARTMENT

# DUE BACK DATE

APR 1 2 2019

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES
OFFENDERS RELIEF REQUEST FORM

CASE NUMBER: LSP-2019 -1949

TO:   ROBERT CLARK 611786                    DR/EXT E
         Offender's Name and Number              Living Quarters

                    UNKNOWN
                Date of Incident

X                  ACCEPTED:  This request comes to you from the Wardens Office.  A response will be
                   issued within 40 days of this date.

                   REJECTED:  Your request has been  rejected for the following reason(s):

_____08/26/2019_____              _____Nyesha Davis_____
              Date                                    Warden's Signature or Designee

2019-1949    Administrative Review Procedure
1299 | Inmate
        Banking            Facility: LSP
From: Robert Clark         DOC #: 611786
Housing: D.R. E-4          Date: 8-21-19

RE: *Monitairy Debt Owed To State*

Dear Warden:

    For over a year I have been trying to get Ms Saundra Rosso (Offender Banking) to correct my debt owed to the state for an ARP that was reviewed by the 19th Judicial District Court costing me 450.00. I won the appeal and the court ordered that the cost was to go to the state, Not me. At one point Ms Rosso stopped charging me for it.... Later I was ~~also~~ reimbursed 115.00.... Those two actions took several letters. And finally Ms Tiffany Firmin wrote Ms. Rosso herself which got me this far. The problem is she still has not taken off the remainding $335.00 from ~~B.~~ My debt owed to the state. I no longer owe $659.85. I am spose to owe $324.85. Please correct this for me.

    Requested Relief: Account be corrected.

Respectfully
Robert Clark

RECEIVED
AUG 23 2019
LEGAL PROGRAMS DEPARTMENT

RECEIVED
AUG 23 2019
WARDEN'S OFFICE

CASE NUMBER:  LSP-2019-1949

FIRST STEP RESPONSE FORM (FIRST STEP RESPONDENT)

TO:  <u>CLARK, ROBERT 611786</u>              <u>DR/EXT E</u>
                                                    Living Quarters

Response to request dated , received in this office on 08/23/2019

I have received and reviewed your request for remedy regarding your account.  The court order that was set up for the 19th JDC for $470.00 has been updated with an amount of $302.00 forgiven and Headquarters has requested a refund from the court as to what you have already paid to them. (printout attached)

Your request for remedy is granted.

Prepared by: _Saundra Ross_

Approved by: _Shirley Coody_

_9·17·19_
_____          _____
            Date                                  Unit Head

<u>Instructions to Offender:</u>  If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Screening Officer in the manila envelope within 5 days of your receipt of this decision.

(  )  I am not satisfied with this response and wish to proceed to Step Two.

Reason: _____
_____
_____
_____

_____          _____
            Date                          Offender's Signature    DOC#

```
DATE: 09/06/19                DPS&C CORRECTIONS SERVICES              IINQDEBT
TIME: 13:09              INMATE BANKING - DEBT ACCOUNT DETAIL

NAME:    CLARK, ROBERT L            B/M   LSP NUMBER:    00611786
LVQR:    0339-DR/EXT E              WORK:    276L-
MASTER ACCOUNT STATUS:    ACTIVE              DEBT ACCOUNT:   # 0030, INACTIVE

            I N M A T E   D E B T   I N F O R M A T I O N

PAYEE NAME......:   HDQ 19TH JDC         PAYEE CODE.......:    00999010
DEBT TYPE.......:   COURT ORDER          PENDING APPEAL?..:    N
COMMENTS........:   647439 SECT 22 (STATE CAST W/COST)
INPUT DATE......:   08302016
DATE RECEIVED...:   04202016             TOTAL DEBT AMOUNT:  $     470.00
DB COURT DATE...:                        CUMULATIVE PAID..:  $     168.00
APPEAL DATE.....:                        FORGIVEN AMOUNT..:  $     302.00
CUTOFF DATE.....:                                           -----------
LAST UPDATE DATE:   09052019             AMOUNT OWED:  $       0.00
LAST UPDATE USER:   4993BRHQ

                         XMIT FROM HERE->
   F2=MENU   F3=PREV SCRN   F4=IMODDEBT   F5=IADDDEBT   F6=CANSTD   F7=DAILY REPORT
```



**Re: Fw: Robert Clark # 611786 19th JDC # 647439** 📄
Nekeia Kimmie  to:  SAUNDRA ROSSO                                    09/06/2019 12:43 PM

I forgave his remaining debt and requested a refund for any additional funds that were sent to the courts.

Thanks,

Nekeia L. Kimmie
Louisiana Department of Corrections
Centralized Offender Banking
P.O. Box 94304  Capital Station
Baton Rouge, LA 70804
Phone (225) 342-4906
Fax (225) 342-6786
nkimmie@corrections.state.la.us

| SAUNDRA ROSSO | i will forward to you in just a minute Saundra Rosso | 09/05/2019 10:36:16 AM |

**SAUNDRA ROSSO/LSP/CORRECTIONS**

09/05/2019 10:36 AM

To  Nekeia Kimmie/CORRECTIONS@CORRECTIONS

cc

Subject  Re: Fw: Robert Clark # 611786  19th JDC  # 647439 📄

i will forward to you in just a minute

Saundra Rosso
Accountant III
Offender Banking
ph: 225-655-2016
fax:225-655-2785

| Nekeia Kimmie | I'm checking with the courts about this.  Do you have a copy of the order stating... | 09/05/2019 10:35:07 AM |
| SAUNDRA ROSSO | following up on this Saundra Rosso | 09/03/2019 11:09:45 AM |

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

**ARP NUMBER:  LSP - 2019 - 1949**

RE:  ROBERT CLARK     611786

LOCATION:  DR / EXT E _____

I HEREBY ACKNOWLEDGE RECEIPT OF 1ST STEP RESPONSE FORM REGARDING REQUEST
FOR REMEDY NUMBER LSP-2019-1949.

RECEIVED BY:  _Mrs. R. Clark  611786_____
                    (INMATE'S NAME & NUMBER)

DATE RECEIVED:  _9/24/19_____

DELIVERED BY:  _MSgt Darren Sallier_____

================================================================

1.    Have the inmate sign this receipt.

2.    Delivery Officer signs the receipt and dates it.

3.    Give the Inmate the Manila Envelope and contents.

4.    Return the receipt to LEGAL PROGRAMS DEPARTMENT.

**RECEIVED**

SEP 25 2019

LEGAL PROGRAMS DEPARTMENT

**DUE BACK DATE**

SEP 27 2019

9/23