# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROBERT CLARK (#611786)                                CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                               NO.: 19-512-BAJ-RLB

## RULING AND ORDER

Before the Court is Plaintiff's **Motion for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause (Doc. 3)**. Plaintiff, born a male, has explained through various pleadings, including the instant Motion, that she has been diagnosed as having a medical condition known today as "gender dysphoria."

Plaintiff seeks injunctive relief ordering Defendants to: (1) provide her with medically necessary treatment for her gender dysphoria; (2) allow her to express her female gender through grooming, pronouns, and dress, allow the purchase of female canteen products, and allow Plaintiff alter her appearance in order to outwardly appear female; (3) remove cameras from the toilet and shower areas of the dorm; (4) not force Plaintiff to expose her breast or genital areas to inmates or male staff; (5) only allow female staff to strip search her; investigate and take proper actions with regards to PREA violations; and (6) not retaliate against Plaintiff for seeking legal redress. (Doc. 3–1 at p. 12).

The relief sought by Plaintiff in her Motion is generally coextensive with the relief sought in her Complaint, as amended. *See* (Doc. 7). Generally, preliminary

1

injunctions and temporary restraining orders are designed to preserve the status quo prior to the Court's consideration of a case on its merits and are not intended as a substitute for relief on the merits of the case. *See* generally *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987); *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). This is so that the normal procedures of litigation are not circumvented by trying a case on the merits through a motion for injunctive relief. The Court has worked to maintain the status quo in this matter when considering Plaintiff's subsequent Motion for Emergency Temporary Restraining Order (Doc. 10). Plaintiff's Motion seeks relief beyond maintaining the status quo. Further, Plaintiff has failed to meet her onerous burden of proof as discussed below.

In order to obtain injunctive relief, Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) that the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If Plaintiff fails to meet her burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

Having reviewed the record, the Court is satisfied that Plaintiff is now being offered viable options to address her claims. Defendants stated at the October 22, 2019 Hearing on Plaintiff's Request for Temporary Restraining Order that under a policy effective as of March 2019, Plaintiff's needs and requests are being considered by a panel. Dr. Gamble, Plaintiff's mental health provider at Angola, has determined that counseling alone is no longer effective, and Plaintiff was scheduled for an appointment with an endocrinologist for February 3, 2020. *See* (Docs. 21 & 32). Considering this treatment plan and the pending litigation proceedings which evaluate Plaintiff's claims on the merits, there is no substantial threat of irreparable injury to Plaintiff if this Motion is not granted.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause (Doc. 3)** is **DENIED**.

Baton Rouge, Louisiana, this 12th day of February, 2020.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA