| October 26, 2018 <br><br> LOUISIANA STATE PENITENTIARY | CHAPTER: <br> SECURITY AND CONTROL | DIRECTIVE NO. <br><br> 09.003 |
|---|---|---|
| | SUBJECT: <br> SEARCHES OF OFFENDERS | ACA STANDARD: <br> 4-4192, 4-4193 <br> 4-4194, 4-4282 |
| | REFERENCE: <br> Department Regulation No. C-02-003(OP-A-8), C-03-007(IS-A-3), Penitentiary Directive No. 09.014, 10.005 | |

PURPOSE:   To establish policy regarding searches of offenders at Louisiana State Penitentiary.

APPLICABILITY:   All Louisiana State Penitentiary Wardens, Staff Physicians, Security Supervisors, and Correctional Officers.

POLICY:   The United States and Louisiana constitutions prohibit unreasonable searches. It is essential to the safe operation of Louisiana State Penitentiary and the safety and welfare of all staff, visitors, and offenders at LSP that contraband shall be controlled and, insofar as possible, eliminated on facility grounds and among the offender population. Therefore, it is the policy of LSP that frequent unannounced and irregularly timed searches of offenders, their living quarters, and other areas to which they have access shall be conducted as often as necessary to ensure safety and security. Searches should be conducted in a professional manner that avoids unnecessary force and minimizes indignity to the offender while still accomplishing the objective of the search. Only staff trained in effective search techniques shall conduct searches.

DEFINITION:

Personal Searches:

a.  Property Search:  A search of any and all of an offender's property, including but not limited to, clothing, lockers, cells, rooms, beds, laundry bags, assigned work equipment, and work areas.

b.  Pat-Down Search (also frisk search) - A search of a fully clothed offender for the purpose of discovering contraband. Pat down searches may be conducted by an officer of the opposite gender than the offender and may be performed in any area of the institution and during movement periods.

The offender being searched may be required to empty his pockets, or any other item in his control where contraband may be stored or carried.
The offender being searched may also be required to remove all outerwear (coats, jackets, hats, caps, gloves, shoes, socks, etc.) in order that these items may be searched. He may be required to run his hands through his hair and open his

EXHIBIT B

        mouth for inspection. He shall not be required to remove articles of clothing which are his basic dress (shirts, pants, etc.).

        The person conducting the search shall use his hands to touch the offender being searched, through his clothes, in such a manner to determine if something is being concealed. If the person conducting the search discovers an unusual lump, bulge, etc., he may order the offender to disclose the source.

c. <u>General Search</u> - A routine search of one or more individual offenders or a large group of offenders such as an entire tier or dormitory. Both person and property may be searched.

        During a general search, offenders may be required to remove their clothing down to their underwear (shorts) in order that the clothing may be inspected for contraband and the offender's person be visually observed. This may take place en masse, in the presence of other offenders. Offenders who claim that they are not wearing underwear will still be required to remove their basic dress.

d. <u>Strip Search</u> - A visual search of an offender's nude body, conducted by employees of the same sex as the offender. Strip searches shall be conducted in a private place out of the view of others. The offender may be required to bend over, squat, turn around, raise his arms, and lift the genitals. (The foregoing list is typical, not exclusive.) The offender's clothes shall be thoroughly searched prior to being returned. Strip searches shall be conducted in a respectful and dignified manner.

e. <u>Visual Body Cavity Search (Strip Search with Genital Examination)</u> - A search having the characteristics of a strip search with the addition of a visual search of the anal opening whereby the offender being searched is required to open the cheeks of the buttocks. The offender's clothes shall also be thoroughly searched prior to being returned to the offender. Such searches shall be conducted by officers of the same sex as the offender, in private and based on reasonable suspicion that the offender is carrying contraband or other prohibited material. (Reasonable suspicion is not required when offenders return from contact with the general public or from outside the institution.)

f. <u>Body Cavity Search</u> - A search of an offender's body cavity conducted by a staff physician only.

<u>Probable Cause:</u> Articulable factors supported by reasonable suspicion that contraband is being concealed. Probable cause exists when facts and circumstances within the officer's knowledge and about which he has trustworthy information are sufficient to support a reasonable suspicion that an offense has been or will be committed and that contraband may be found at the place to be searched or on the offender.

<u>Reasonable Suspicion:</u>  Suspicion supported by facts and circumstances which lead an employee of ordinary caution to believe that an offender is concealing contraband in or on his body.  Factors to consider in determining reasonable suspicion include, but are not limited to, the following:

    a.    Nature of the tip or information.

    b.    Reliability of the informant.

    c.    Degree of corroboration of the tip or other information.

    d.    Other facts contributing to suspicion.

PROCEDURE:

A.    WHEN SEARCHES ARE PERMITTED

    1.    Property Search - May be conducted at any time.

    2.    Pat-Down Search - May be conducted at any time.

    3.    General Search - May be conducted at any time.

    4.    Strip Search - Upon approval by a Captain or higher-ranking employee in the chain of command, a routine strip search may be conducted by employees of the same sex as the offender at any time, without the requirement of reasonable suspicion or probable cause.

        All strip searches shall be conducted by one officer and witnessed by an additional officer or staff member of the same sex.

        Strip searches shall be documented in the unit log book by the employees conducting the search.  Documentation should include the circumstances giving rise to the search (routine or other) and results of the search.  Further documentation shall be governed by the requirements of Department Regulation No. C-05-001.

    5.    Visual Body Cavity Search – A visual body cavity search may be conducted ROUTINELY, without a showing of reasonable suspicion and special documentation, under the following circumstances:

        a.    When an offender is entering or leaving the institution for a court appearance, trip or work detail.

    b.    Prior to and after a physical contact visit between the offender and visiting relatives, friends, or attorneys.

    c.    When an offender is entering or leaving a segregation area.

    d.    After unescorted contact with general population offenders by an offender in segregation.

OTHERWISE, a visual body cavity search may be conducted only upon a specific and particular showing of reasonable suspicion, and special documentation under the following circumstances:

    a.    Prior written approval of the Warden or designee;

    b.    The search shall be conducted by one officer and witnessed by one additional officer or staff member of the same sex as the offender;

    c.    The employees conducting the search shall document the visual body cavity search in the unit log book. Documentation shall indicate the specific and particular showing of reasonable suspicion which gave rise to the search and the results of the search;

    d.    Further documentation shall be governed by the requirements of Department Regulation No. C-05-001 "Activity Reports/Unusual Occurrence Reports/ Operational Units."

6.    Body Cavity Search – A body cavity search is permitted under the following circumstances:

    a.    When a strip search creates specific and particular showing of reasonable suspicion that the offender is concealing something within a body cavity. (For example, if the area is reddened, if a substance such as Vaseline is smeared outside the opening, or if something is bulging or protruding from the opening. If an object is protruding from the cavity.)

    b.    If a body cavity search is to be conducted, it shall be performed only by a physician. It cannot be conducted by a nurse or non-medical employee. The offender must be searched in a sanitary manner and in a sanitary location in accordance with good medical practice. Such search should be conducted only upon written approval of the Warden, Deputy Warden, Assistant Warden/Security, or the Duty Warden/Colonel. The written authorization may be issued following verbal orders. See Penitentiary Directive No. 10.005 for further details regarding the use of dry cell.

      c.      The search shall be witnessed by two staff members of the same sex as the offender.

      d.      The physician who conducted the search and the staff members who witnessed the search shall document the body cavity search in the unit log book and medical record. Documentation shall indicate the specific and particular showing of reasonable suspicion that the offender was concealing something within a body cavity which gave rise to the search and the results of the search.

      e.      Further documentation shall be governed by the requirements of Department Regulation No. C-05-001 "Activity Reports/Unusual Occurrence Reports/Operational Units."

B.    SEARCHES BY NARCOTIC DOGS

    1.    Searches of offender's property by trained narcotic dogs may be conducted at any time as detailed in Penitentiary Directive No. 09.014.

    2.    The narcotic dogs shall be utilized only by the trained handler to conduct routine or random searches of all offenders housed at LSP. This includes offenders returning to the institution from any work detail, pass, furlough or emergency leave, including but not limited to funeral trips, court orders, hospital trips, or any other activity for which the offender is required to leave the grounds of the institution under the jurisdiction of the Department.

C.    SEARCHES

    1.    Dormitory and cellblock officers shall perform a daily search of immediate area of responsibility. Officers shall randomly search as many offenders daily as possible by pat and transfrisker.

    2.    Dining room officers shall conduct searches of the dining room and kitchen areas when not counting or feeding. It is essential that this area be searched daily.

    3.    Officers assigned to the Education Department shall conduct searches within the Education Department. It is essential that this area be searched daily.

    4.    Officers assigned to job area sites shall conduct searches of the immediate area when not checking offenders into and/or out of the area. It is essential that these areas be searched daily.

Penitentiary Directive No. 09.003
October 26, 2018
Page 6 of 6

5. Officers assigned to visiting rooms will perform a visual body cavity search of all offenders entering and departing the visiting room.

6. When field lines are not in operation, all officers assigned to Field Operations (Sergeants, Lieutenants and Captains) will be assigned to various areas for the purpose of conducting searches.

7. Offenders are subject to search 24 hours a day.

8. If an offender is not present when his locker is inspected, all articles removed from his locker should be returned intact and the locker re-locked.

9. Each officer is expected to prepare a Daily Unit Search/Inspection Report on each search performed. The reports are to be forwarded to the area security supervisor. NOTE: In regard to personal searches, care should be taken to include the number of offenders who were searched on each report.

10. Good judgment should be used by all officers to avoid damaging offender's personal property while conducting a search.

D. DISPOSAL OF CONTRABAND

1. Contraband or unauthorized property found during a search shall be disposed of in accordance with Department Regulation No. C-03-007.

Darrel Vannoy
Warden

Form:   LSP-09.003-A   Daily Unit Search/Inspection Report

This policy supersedes Penitentiary Directive No. 09.003 dated September 5, 2011.