RECEIVED
MAR 3 1 2020
Legal Programs Department

SCANNED at LSP and Emailed
3-31-2020 by DS . 4 pages
date    initials   No.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT CLARK                         CIVIL ACTION

V

JAMES LEBLANC, ET AL.                NO. 3:19-cv-512-BAJ-RLB

MOTION FOR AN ORDER COMPELLING
DISCOVERY AND SANCTIONS

NOW COMES Robert Clark, pro-se plaintiff in the above styled cause. Plaintiff moves this court for an order pursuant to Rule 37 of the Fed. R. Civ. Proc. compelling Defendants James LeBlanc, Darrel Vannoy, Joseph Lamartinere, Kristen Thomas, Sherryl Coodie, Tracy Falgout, Randy Lavespere, Mathew Gamble, Bradley LaComb, & ? Rheams, to produce for inspection and copying the following documents:

(1) Video footages made between July 31, 2016 through September 1, 2016 and November 1, 2017 through September 1, 2018 at Louisiana State Penitentiary (LSP) by security for security survielance purposes;
(2) Rules related to video footages
(3) Daily log reports made by Camp D security during said times from Hawk, Falcon, and Eagle buildings.
(4) A list of suicides by inmates at LSP from the last ten years along with disciplinary and medical records for those inmates.
(5) If defendants do not have the requested video

p. 1

footages then plaintiff request "the name and if known the address and telephone number of each individual likely to have" this video footage as is required by Rule 26 of the Fed. R. Civ. Proc. Rule 26 (a)(1)(A)(i);

(6) The Transgender/Intersex Executive Team (TIET) in Health Care Policy No. 47 is allegedly composed of a: Chief Nursing Officer;
　　　　　　　　Attorney;
　　　　　　　　Mental Health Representative;
　　　　　　　　Deputy PREA Cordinator; and
　　　　　　　　Psychiatrist.

The Transgender Intersex Facility Team (TIFT) is allegedly composed of a: PREA Compliance Manager;
　　　　　　　　Warden Designee;
　　　　　　　　Security Representative;
　　　　　　　　Health Care Director /or Designee;
　　　　　　　　Nursing Director /or Designee; and
　　　　　　　　Classification Representative.

Plaintiff request the Defendants be compelled to produce the name of each of these personel by title.

Plaintiff submitted a written request for these documents, pursuant to Rule 34 of the Fed. R. Civ. Proc. on January 3, 2020 and February 17, 2020 but have not yet received the documents. Defendants alleged via objection that each request is either overly broad, burdensome, oppressive, irrelevant, or does not meet the proportionality requirements of Fed. R. Civ. Proc. 26 (b)(1). The Fifth Circuit has held that conclusory objections that the requested discovery is overly broad,

p. 2

burdensome, oppressive and irrelevant are insufficient to voice a successful objection to an interrogatory or request for production." Tadlock v. Arctic Cat Sale, Inc., 2017 WL 1032516, at *8 (M.D. La. March 17, 2017).

Plaintiff request these specific documents to prove:

(a) Defendant LaComb and Rheams committed voyerism. Also to find out who Defendant Jones is to have him served and obtain redress for his actions related to voyerism and failure to protect;
(b) Plaintiff was/is being denied her right to be free from cruel and unusual punishment by defendants actions and/or inactions which results denied Plaintiff living conditions that do not fall below a U.S. Const. standard;
(c) Plaintiff was denied adequate medical treatment;
(d) Defendants were intentionally committing these acts; and
(e) Defendants failed to protect plaintiff from harm and a substantial risk of harm as alleged in her complaint.

The Defendants in this cause has never "answered" plaintiffs allegation of voyerism and failure to protect. They have only submitted an answer pertaining to adequate medical treatment. The plaintiff hereby request sanctions be implemented in accordance to Fed. R. Civ. Proc. 37 (b)(2)(A) directing that the matters pertaining to voyerism and failure to protect be taken as true and that a default of judgement be issued against LaComb, Rheams and Jones.

Plaintiff further request that defendants be compelled to adequately answer request for inspection and/or production

p-3

of a list of suicides by inmates at LSP from the last ten years along with disciplinary and medical records so that plaintiff may prove indifference to medical needs preventing suicide is more than a isolated incident. Plaintiff futher request this court to compell defendants to produce who specifically are the TIET and TIFT personel by title where as they may be defendants and or witnesses in this cause.

Finally plaintiff request payment of expenses which includes resonable monetary value to the litigation of this motion which took over five hours and any other relief this court deems adequate.

Respectfully Submitted
Ms Robert Clark

Declaration and Service

I Ms Robert Clark do hereby swear the above and fore going is true and correct and that said was mailed to the US Middle Dist. Court of La on this 30th day of March, 2020 via electronic filing system request to Legal Programs

Signed: Ms Robert Clark #611786
La State Pen.
Angola, LA 70712

P. 4