UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT CLARK (#611786)**                                          CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**                               NO.: 3:19-00512-BAJ-RLB

### RULING AND ORDER

Before the Court is Plaintiff's **Second Request for Emergency Temporary Restraining Order (Doc. 40)**. Plaintiff, an inmate housed at Angola who was born a male but has been diagnosed with a medical condition known today as "gender dysphoria," again moves to enjoin Defendants from cutting Plaintiff's hair. (Doc. 40, at p. 1). Additionally, Plaintiff seeks to enforce medical treatments prescribed by Dr. Fraser, the endocrinologist who evaluated Plaintiff, and to reimplement Plaintiff's anti-depression medication. (Doc. 40 at p. 3). The Louisiana Department of Public Safety and Corrections recognizes "gender dysphoria disorder," and provides that a confirmed diagnosis shall result in an individualized treatment plan that will meet the acceptable standard of care. (Doc. 3-3 at p. 3–4). In a prior proceeding in this matter, the Court has acknowledged Plaintiff's diagnosis of gender dysphoria. (Doc. 11, at p. 2–3).

This action was filed in August of last year, seeking several forms of relief related to Plaintiff's status as a transgender inmate. Approximately one month after the filing of the initial Complaint, Plaintiff filed the first Motion for Emergency

1

Temporary Restraining Order (Doc. 10), seeking solely to enjoin Defendants from cutting Plaintiffs hair, which the Court granted. *See* (Doc. 11). An evidentiary hearing was later conducted, at which time Defendants provided the Court with an updated policy for the treatment of inmates diagnosed with gender dysphoria. Defendants indicated that the Department of Public Safety and Corrections would arrange a meeting between Plaintiff and an endocrinologist for treatment. Throughout this litigation, Defendants have provided the Court with updates concerning the arrangements with endocrinologists for Plaintiff's treatment. *See* (Doc. 32).

To obtain injunctive relief, Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

Plaintiff fails to show the elements required for injunctive relief. Most importantly, Plaintiff does not demonstrate any threat of irreparable injury. Following the Court's prior order, which prohibited Defendants from requiring Plaintiff to cut her hair, Defendants have demonstrated that they have, and will, preserve the status quo unless and until otherwise required by the Court. (Doc. 42, at p. 3). Further, Defendants recognize that Plaintiff meets a religious exemption to the grooming policy, which forms yet another basis for Defendants to not require the haircut and which effectively moots this request. (*Id.*).

Similarly, Defendants concede that Dr. Fraser's recommendations were not immediately implemented due to a paperwork oversight, but as of May 21, 2020, Plaintiff is receiving the recommended medication. (*Id.*)

Lastly, Defendants assert that Plaintiff, who is still receiving other mental health medications, had her anti-depressant medication discontinued following several instances of abuse. Prison medical officials are permitted to change an inmate's medication schedule upon a finding of abuse. *Brauner v. Coody*, 793 F.3d 493, 499 (5th Cir. 2015) ("A medical doctor is entitled—obliged, even—to change a patient's prescription in response to suspected misuse, addiction, or abuse. Doing so is not deliberate indifference"). As such, Plaintiff has failed to demonstrate a likelihood of success on the merits.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Second Request for Emergency Temporary Restraining Order (Doc. 40)** is **DENIED**.

Baton Rouge, Louisiana, this 9th day of June, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**