# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ROBERT CLARK (#611786)**  CIVIL ACTION

**VERSUS**

**19-512-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## ORDER

Before the Court is the plaintiff's Motion for an Order Compelling Discovery and Sanctions (R. Doc. 39). The motion is opposed. *See* R. Doc. 46.

The plaintiff seeks to compel responsive answers to certain request for production of documents propounded in February of 2020. *See* R. Doc. 37.[1] The defendants have responded to these requests, but the plaintiff asserts that the defendants' responses to Requests for Production numbers 1, 2, 3, 4, 8 and 9 are deficient.

The scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Federal Rule of Civil Procedure 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

---

[1] The plaintiff's original discovery requests, propounded on "January 3, 2020 and February 17, 2020," were not filed into the record; therefore, the Court refers exclusively to Record Document 37. *See* R. Doc. 39.

ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Federal Rule of Civil Procedure 26(b)(2)(C).

### Request for Production Numbers 1 and 2

In Request for Production Number 1, the plaintiff requested copies of videos made at the prison for security purposes between July 31, 2016 through September 1, 2016 and November 1, 2017 through September 1, 2018 and copies of any policies pertaining to videos made for security purposes. The plaintiff further requested information as to who maintains the security footage if the defendants assert it is not in their possession. The defendants objected on the grounds that the request was overbroad and unduly burdensome, and not narrowly tailored to the plaintiff's allegations. The defendants further responded that security footage from 2016-2018 is not maintained by the Department of Corrections.

In this regard, the plaintiff alleges that on August 15, 2016 she was placed in administrative segregation by defendant Lacomb who observed the plaintiff, via a video monitoring system, having sex with another inmate. For non-security related purposes, the video was watched by defendants Lacomb and Rheams and others, which led to the plaintiff being mocked by security and other inmates.

First, the Court agrees that the plaintiff's request is overly broad given the allegations of the plaintiff's Complaint. However, the defendants have failed to produce the requested policies and information as to who maintains the security footage. It is possible that the footage for this time period no longer exists, but that is not clear based on the defendants' response. As such, the Court will order the defendants to produce a copy of any security footage from August 15, 2016 for the area specified in the plaintiff's Complaint. If the defendants are unable to produce such

footage, the defendants shall specify the reason why and who, if anyone, maintains that footage. The defendants shall further produce any policies pertaining to video surveillance by security.

### Request for Production Number 3

In Request for Production Number 3, the plaintiff requested copies of Daily Log Reports, for Camp D Hawk 1 and 2 and Falcon and Eagle buildings, dated from July 31, 2016 through September 1, 2016 and November 1, 2017 through September 1, 2018. The defendants objected on the grounds that the request was overly broad, unduly burdensome, and not proportional to the needs of the case. The Court agrees. The plaintiff has not identified any specific allegations to which this request pertains has not demonstrated how this request is relevant to any of her claims.

### Request for Production Number 4

In Request for Production Number 4, the plaintiff requested a list of inmates who have committed suicide in the last 10 years, with copies of those inmates medical, disciplinary, and grievances records. The defendants objected on the grounds that the request is overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case. The plaintiff asserts that the information is needed to show a pattern by Department of Corrections' personnel of intentionally disregarding suicide risks.

While a pattern of indifference may be probative to the plaintiff's claim for deliberate indifference, the plaintiff has not limited her request to a reasonable time period, has not limited her request to inmates who suffered from similar medical conditions, and has not limited her request to inmates whose medical care was subject to the care or control of any defendant in this matter. As such, the Court agrees that the plaintiff's request is overly broad.

**Request for Production Numbers 8 and 9**

In Request for Production Numbers 8 and 9, the plaintiff requests that the members of the Transgender/Intersex Executive Team ("TIET") and the Transgender/Intersex Facility Team ("TIFT") be identified by name and title. The plaintiff responded that the members of each team are the same and are as follows:

> Perry Stagg, Asst. Warden Health Services
> Sherwood Poret, RN, Director of Nursing
> Katie Ard, Ph.D., Staff Psychologist
> Marcia Booker, LCSW, Mental Health Director
> Carol Gilcrease, LCSW, Asst. Mental Health Director
> Will Riche', RN, Nursing Manager Inpatient Nursing Units
> Randy Lavespere, MD, LSP Medical Director

The plaintiff asserts that the defendants' response is insufficient because it does not identify the members of the teams by the titles set forth in Health Care Policy No. 47. Health Care Policy No. 47 (2019) states that the TIET shall include: the Chief Nursing Officer, an attorney, a mental health representative, the Departments PREA coordinator, and a psychiatrist. The policy provides that the TIFT consists of the PREA Compliance Manager, Unit Head or designee, Security Representative, Mental Health Director or Designee, Medical Director or Designee, classification representative, and any other staff deemed appropriate by the Unit Head. *See* R. Doc. 24-2, p. 4. As such, the Court will order the defendants to identify the members of the TIET and TIFT by the titles set forth in Health Care Policy No. 47.

**Sanctions**

The plaintiff has also requested that sanctions be imposed pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). Pursuant to this rule, numerous sanctions may be imposed on a party that fails to comply with court orders, including the harsh penalty of default which the plaintiff requests in his Motion. In the instant matter, the plaintiff does not assert, and the record

does not reveal that the defendants have failed to comply with an order to permit discovery. As such, the plaintiff's Motion will be denied in this regard. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 39) is **GRANTED IN PART**, and defendants shall, within 14 days of the date of this Order supplement their response to Requests for Production Numbers 1 and 2 by producing a copy of any security footage from August 15, 2016 for the area specified in the plaintiff's Complaint. If the defendants are unable to produce such footage, the defendants shall specify the reason why and who, if anyone, maintains that footage. The defendants shall further produce any policies pertaining to video surveillance by security.

**IT IS FURTHER ORDERED** that defendants shall, within 14 days of the date of this Order, supplement their response to Request for Productions Numbers 8 and 9 by identifying the members of the TIET and TIFT by the titles set forth in Health Care Policy No. 47.

**IT IS FURTHER ORDERED** that in all other regards the plaintiff's Motion is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 20, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**